175 So.2d 239 (1965)
William G. TYLER, as personal representative of the Estate of Ann H. Tyler, deceased, and Mrs. H.W. Hiers, sole heir and provisionally under the will of Ann H. Tyler, deceased, Appellants,
v.
Lawrence HUGGINS, as father and next friend of Donald Huggins, a deceased minor, and Lawrence Huggins, as personal representative of the Estate of the deceased minor, Donald Huggins, Appellees.
No. 5019.
District Court of Appeal of Florida. Second District.
April 28, 1965.
Rehearing Denied June 2, 1965.
*240 A.G. Pitts, of Maguire, Voorhis & Wells, Orlando, for appellants.
Larry S. Stewart, of Frates, Fay & Floyd, Miami, for appellees.
ANDREWS, Judge.
This is an appeal by William G. Tyler as personal representative of Ann H. Tyler, deceased, from an order of the county judge setting aside and declaring void ab initio letters of administration, cum testamento annexo, issued to William G. Tyler, and permitting the filing of a claim against said estate by Lawrence Huggins as personal representative of Donald Huggins, deceased.
Ann H. Tyler, a resident of Brevard County, died as a result of an automobile accident in which Donald Huggins, a minor, was also killed. William G. Tyler, a resident of Columbus, Georgia, was appointed administrator, and letters of administration were issued. No designation of resident agent was filed.
Letters of administration were later set aside upon the production of a will of the deceased, and the same William G. Tyler was appointed Administrator, Cum Testamento Annexo, of said estate. Again, there is no designation of resident agent.
Florida Statutes Annotated 732.47(2), F.S.A. provides in part:
"Before any nonresident of Florida shall be issued Letters upon any estate, such nonresident * * * shall designate some resident of said county as his agent or attorney for the service of process * * *."
The Statute is mandatory in that the Letters of Administration and the Letters of Administration, C.T.A., should not have been issued until the requirements of the statute had been complied with.
*241 Every personal representative of an estate is required by § 733.15, F.S.A., to cause notice to creditors to be published after issuance of Letters Testamentary or Administration. The publication of Notice to Creditors prior to the issuance of valid Letters of Administration is a nullity, and the statute of non-claim does not begin to run until the publication of a notice after the issuance of valid Letters of Administration.
The statutes do not prevent a claim from being filed any time after the Petition for Letters is filed even though Letters have not been issued. The Order appealed from in this case is not a final Order and is not appealable. § 732.15, F.S.A.; Article V, §§ 4 and 5, Florida Constitution, F.S.A. The finality of an Order, such as the one we are concerned with here, depends upon the party aggrieved; that is, whether the Order appealed from finally determined the particular question as to such party. The Order on the filing of a claim, if adverse to the claimant, would have been a final determination of his rights and therefore would have been appealable. In Re Nolan's Estate, Fla.App. 1959, 114 So.2d 341. A claim filed as in this case can be objected to by the personal representative of the estate, and the issue thereafter settled as provided by the statutes.
Accordingly, the appeal is dismissed.
WHITE, Acting C.J., concurs.
FUSSELL, CARROLL W., Associate Judge, concurs specially.
FUSSELL, CARROLL W., Associate Judge (concurring specially.)
I concur only on dismissal of the appeal for the sole reason that the order appealed from is not a final order.