PER CURIAM.
Appended to this order are amendments to the Probate and Guardianship Rules adopted pursuant to the power vested in this Court by Article V of the Florida Constitution, F.S.A. These amendments shall become effective at 12:01 a. m., February 1, 1973, and from that date shall apply to all probate and guardianship proceedings then pending or thereafter filed.
Adopted and approved by the Court on this 13th day of December, 1972.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
AMENDMENTS TO THE RULES OF PROBATE AND GUARDIANSHIP PROCEDURE
RULE 5.010. SCOPE
These rules govern the procedure in all probate and guardianship proceedings and shall be known and cited as the Rules of Probate and Guardianship Procedure and may be abbreviated as “PGR.” The Rules of Civil Procedure apply only as provided herein.

Committee Note

1972 Amendment: The amendment deletes reference to the county judge’s court to conform to the transfer of probate and guardianship jurisdiction to the circuit court pursuant to Florida Constitution, Rev. Article V.
*98 RULE 5.020. DEFINITIONS
(a) Court. The circuit court.
(b) Judge. The judge of the circuit court, including any judge elected, appointed, substituted or assigned to serve as judge of the court.
(i) Interested Persons. Persons interested, interested persons and interested party mean an heir, legatee, devisee, distributee, spouse, creditor, person entitled to the estate of an intestate decedent or one having a property right in or claim against an estate being administered. All of them cease to be interested when a full receipt or release has been given.

Committee Note

1972 Amendment: The amendment changes references to the county judge’s court to the circuit court to conform to the transfer of probate and guardianship jurisdiction to the circuit court pursuant to Florida Constitution, Rev. Article V. Subsection (i) is added to define the terms “interested persons,” “persons interested” and “interested party” that are used throughout the rules and to specify that a person ceases to be such when he gives a full receipt or release.
RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS
(b) A party filing a request shall be served thereafter with notice of further proceedings and with copies of subsequent pleadings and papers as long as the party is a person interested.

Committee Note

1972 Amendment: Subsection (b) is amended to eliminate service of notices and copies after a person ceases to be interested in the estate because of the service thereafter does not accomplish a useful purpose. This will eliminate paper work when creditors or specific legatees particularly have been paid or received the part of the estate to which they are entitled.
RULE 5.080. DEPOSITIONS AND DISCOVERY
(a) The following rules of civil procedure shall apply in probate and guardianship proceedings:
(1) Rule 1.280, General Provisions Governing Discovery.
(3) Rule 1.320, Depositions Upon Written Questions.
(4) Rule 1.330, Use of Depositions in Court Proceedings.
(6) Rule 1.350, Production of Documents and Things and Entry Upon for Inspection and Other Purposes.
(7) Rule 1.360, Physical and Mental Examination of Persons.
(8) Rule 1.370, Requests for Admission.
(9) Rule 1.380, Failure to Make Discovery: Sanctions.
(b) In order to conserve the assets of the estate and the rights of the beneficiaries therein, the Court has broad discretion to limit the scope of such examination and the place and manner of taking the same, and may assess the costs thereof to the party taking the same or to one or more of the beneficiaries of the estate in such proportions as the court determines, considering, among other things, the benefit derived therefrom.

Committee Note

1972 Amendment: Subsection (a) has been amended to reflect the Amendments to the Rules of Civil Procedure as reported in In re The Florida Bar: Rules of Civil Procedure, 265 So.2d 21 (Fla.1972). Subsection (b) has been deleted and subsection (c)has been relettered since reference to “circuit court” is now appropriate.
RULE 5.100. RIGHT OF APPEAL
All orders and judgments of the court determining rights of any party in any particular proceeding in the administration of *99 the estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal, except those appeals which may be taken directly to the supreme court as provided by Section 3, Article V of the State Constitution. Appeals provided by this rule shall be governed by the Florida appellate rules including the right to super-sedeas.

Committee Note

1972 Amendment: The rule is changed by changing the reference to Section 3 of Rev. Article V.
RULE 5.110. PETITION FOR PROBATE OF WILL
(a)(1) The domicile and age of the decedent at the time of his death;

Committee Note

1972 Amendment: Subsection (a)(1) is amended to include a requirement that the age of the decedent be given.
RULE 5.120. PROOF OF WILLS
(a) Wills may be admitted to probate upon the oath or affirmation of any attesting witness, taken before the judge or his clerk or deputy clerk, or before a commissioner as provided in Rule 5.130.

Committee Note

1972 Amendment-. Subsection (a) is amended to allow a deputy clerk to take proof of a will.
RULE 5.130. COMMISSION TO PROVE WILL
(c) Any circuit judge in Florida may take the oath of a witness to a will in proof of the attestation of that witness as provided in subsection (b) without issuance of commission, attaching the original or photographic copy of the will to the oath of the witness.

Committee Note

1972 Amendment-. Subsection (c) is added to permit any circuit judge to take a proof of will without issuance of a commission to eliminate unnecessary expense and paper work.
RULE 5.140. NOTICE TO HEIRS OR BENEFICIARIES
(d) Notice need not be given to an heir or beneficiary who is the personal representative or to any sui juris person entitled to notice who waives it in writing, or who has joined in the petition for probate or administration.

Committee Note

1972 Amendment-. Subsection (d) is added to eliminate the requirement of notice when it is waived by persons entitled to it or when the person files the petition for probate or administration or joins in the petition.
RULE 5.200. PETITION FOR LETTERS OF ADMINISTRATION
(а) (1) The domicile and age of the decedent at the time of his death;
(3) The approximate value of his estate and the nature of it, so that an adequate bond may be fixed;
(4) The residence and post office address of the petitioner, and any relationship of the petitioner to the decedent. If the petitioner claims the benefit of a common-law marriage to the decedent, this fact shall be stated in the petition;
(б) The names, ages and residences of the surviving spouse and heirs at law of the decedent so far as known to the petitioner and their relationship to decedent, including birthdates of minor heirs, if known.

Committee Note

1972 Amendment: Subsection (a)(1) is amended to add a requirement to state the age of the decedent and some minor gram *100 matical changes have been made that do not affect the substance of the rule.
RULE 5.210. RESIDENT AGENT
(a) Within ten days after letters are issued to a personal representative, except a corporate fiduciary, he shall file a designation of his place of residence, his post office address and the name, place of residence and post office address of a resident in the county where proceedings are pending, as his agent for the service of process. The written acceptance of the person appointed shall also be filed. The designation and acceptance constitute the consent of the personal representative filing it that service of process upon the designated agent shall be sufficient to bind the personal representative in any action against the personal representative, either in his representative capacity or personally if the personal action accrued in the administration of the estate. The designation and acceptance may be in the petition for probate or administration if signed by the personal representative appointed, or if the oath of the personal representative. If the resident agent dies, resigns or is unable to act for any other reason, the personal representative shall appoint a successor agent within ten days thereafter.
(b) A member of The Florida Bar residing in Florida may be designated as the agent for the service of process whether or not he is a resident of the county where the proceedings are pending.

Committee Note

1972 Amendment: Subsection (a) is amended to remove any question about the jurisdictional aspect of the appointment of the resident agent, thus eliminating the problem raised by Tyler v. Huggins, 175 So. 2d 239, and to provide for appointment of a successor resident agent. Subsection (b) is added to eliminate the requirement of in-county residence by a member of The Florida Bar who is appointed as resident agent. The attorney for a personal representative is usually appointed as the resident agent and can be easily found by anyone seeking to serve process.
RULE 5.230. ADMINISTRATOR AD LITEM AND GUARDIAN AD LI-TEM
(a) When it is necessary that the estate of a decedent or a ward be represented in any proceeding and there is no personal representative of the estate or ward, or the personal representative is or may be interested adversely to the estate or ward, or is enforcing his own debt or claim against the estate or ward, or the necessity arises otherwise, the court shall appoint an administrator ad litem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding. The administrator ad litem shall file his oath to discharge his duties faithfully and upon the filing shall be qualified to act. No process need be served upon him, but he shall appear and defend as directed by the court.
(b)(1) The petition for appointment of a guardian ad litem shall be verified and shall state to the best of petitioner’s information and belief:
1. The name and residence address of each minor or incompetent and birth date of each minor who has an interest in the proceedings.
2. The name and address of any guardian appointed for each minor or incompetent.
3. The name and residence address of any living natural guardians or living natural guardian having legal custody of each minor or incompetent.
4. A description of the interest in the proceedings of each minor or incompetent.
5. The facts showing the necessity for the appointment of a guardian ad litem.
(2) Within ten days after appointment the petitioner shall deliver or mail conformed copies of the petition for appointment of a guardian ad litem and order to any guardian, or if there is no guardian, to *101 the living natural guardians or the living natural guardian having legal custody of the minor or incompetent.
(3)The guardian ad litem shall deliver or mail conformed copies of any written report or finding of his investigation and his answer filed in the proceedings, petition for compensation and discharge and the notice of hearing on the petition to any guardian, or in the event that there is no guardian, to the living natural guardians or the living natural guardian having legal custody of the minor or incompetent.
(c) Within ten days after appointment the petitioner for an administrator ad litem shall deliver or mail conformed copies of the petition for appointment and order to each beneficiary or his attorney of record.
(d) When an administrator ad litem or guardian ad litem recovers any judgment or other relief, it shall be enforced as other judgments. Execution shall issue in favor of the administrator ad litem or guardian ad litem for the use of the estate or ward and the money collected shall be paid to the personal representative.
(e) An administrator ad litem or guardian ad litem shall be allowed reasonable compensation for his services fixed by the court that shall be taxed as costs pursuant to Rule 5.090.

Committee Note

1972 Amendment-. Subsection (a) is amended to permit appointment when any necessity arises in addition to the specified occasions and to provide that the appointee is qualified to act upon filing his oath. Subsection (b) is new and provides the requirements for a petition for a guardian ad litem, for a notice to a guardian or natural guardian and for service of the appointee’s report, petition for compensation and notice of the appointment of an administrator ad litem on the beneficiaries in an estate. Subsection (d) is former subsection (b) with editorial changes. Subsection (e) is former subsection (c) with editorial changes.
RULE 5.241. EXECUTION BY PERSONAL REPRESENTATIVE
The personal representative shall sign the:
(1) Inventory,
(2) Annual and final returns,
(3) Petition for sale or confirmation of sale or encumbrance of real or personal property,
(4) Petition to continue business of decedent,
(5) Petition to compromise or settle claim,
(6) Petition for orders of distribution and of discharge,
(7) Petition to purchase on credit,
(8) Resignation of personal representative, notwithstanding any other provision of these rules.

Committee Note

Adopted 1972: The rule is intended to require that the personal representative have knowledge of the more important procedural steps in the administration of an estate.
RULE 5.310. ANNUAL RETURNS AND CONTENTS
(a) Unless otherwise ordered by the court, a personal representative shall make annual returns on or before ninety days after the expiration of the fiscal year. The fiscal year shall be selected by filing a designation with the court. Notice of the designation shall be served on the same persons and in the same manner as the notice required by Rule 5.140 and may be combined with that notice. In the absence of such designation and notice, the returns shall be filed no later than April 1 of each year for the calendar year ending December 31 preceding. If a personal representative fails to make returns when due, he shall forfeit all commissions on the returns in the discretion of the court.
*102 (f) It is not necessary to file an annual accounting when all of the heirs or beneficiaries are sui juris and consent thereto in writing. Trustees and personal representatives may give the consent on behalf of the beneficiaries of trusts and estates, whether or not the beneficiaries are sui juris. Notwithstanding the consents, the court may require the filing of a return. Waivers by heirs or beneficiaries who no longer have an interest in the estate are not required.

Committee Note

1972 Amendment: Subsection (a) is amended to specify the time within which a designation of a fiscal year must be made. Subsection (f) is amended to specify that heirs or beneficiaries who have received what they are entitled to need not waive the filing of an annual accounting for it to become effective.
RULE 5.420. TERMINATION OF GUARDIANSHIP UPON REMOVAL OF WARD’S INCAPACITY, DEATH OR EXHAUSTION OF ASSETS
When a ward becomes sui juris, dies or his property has been lawfully exhausted, the guardian of the property of the ward shall file a final accounting and serve a copy with a notice of application for discharge on the ward, on the personal representative of a deceased ward, or if there are no assets justifying qualification of a personal representative, on the known next of kin, or such persons as the court may direct. The notice of application for discharge shall state a time certain, not less than 30 days after service, when the application for discharge will be heard and shall state that objections to the final accounting and discharge may be filed in the court before the hearing. Any sui juris person entitled to notice and a personal representative if not the guardian, may waive the notice and hearing. If an objection is filed, the court shall hear the objection and enter its order on it. Before granting discharge, the court may require proof of the removal of incompetency or of the need for continuance of the guardianship. Upon proof that the remaining assets in the guardianship have been transferred to and received by the person entitled to them, the guardian shall be discharged. The entry of an order of discharge shall not exonerate the guardian or his surety from any liability previously incurred.

Committee Note

1972 Amendment: The rule is amended to permit any person sui juris or a personal representative, if not the guardian, to waive notice and hearing on the termination and discharge of a guardian under this rule. The other changes are grammatical and do not affect the substance of the rule.
RULE 5.430. FINAL SETTLEMENT AND DISCHARGE, DECEDENT’S ESTATE
(e) It is not necessary to file a final accounting nor to advertise notice of the filing of the final accounting or petition for distribution and discharge when all heirs and beneficiaries are sui juris and consent thereto in writing. Trustees and personal representatives may give consent on behalf of the beneficiaries of trusts and estates. Waivers by heirs or beneficiaries who no longer have an interest in the estate are not required.

Committee Note

1972 Amendment: Subsection (e) is amended to permit personal representatives to consent to waive notice and advertisement on behalf of the beneficiaries of the estates and to specify that waivers by persons who have received what they are entitled to are not required.
RULE 5.450. ANCILLARY ADMINISTRATION
(d) After the payment of all expenses of administration and claims against the estate the court may, upon compliance with *103 Rule S.430, order the remaining personal property in the hands of the ancillary personal representative to be transferred to the domiciliary personal representative.

Committee Note

1972 Amendment: Subsection (d) is amended to require the filing of final accounting unless it is waived and to delete the unnecessary requirement that a petition must be filed for the court to order distribution to the domiciliary personal representative.
Form 5.610 Citation (by service)
Name of Court
IN RE: ESTATE OF
Deceased
CITATION
THE STATE OF FLORIDA:
TO _
You are hereby notified that a petition has been filed in this Court, a true copy of which is hereto attached; and you are hereby required to file your written defenses thereto within twenty days after' service hereof upon you, exclusive of the day of service, and serve a copy thereof upon petitioner’s attorney, whose name and address are: _
If you fail to do so, judgment may be entered in due course upon the petition.
Witness my hand and the seal of this Court at _, Florida on -, 19—
(Name of Clerk) As Clerk of the Court
By - As Deputy Clerk
Attorney for Address
Form 5.620 Citation (by publication)
Name of Court
IN RE: ESTATE OF Deceased
CITATION
THE STATE OF FLORIDA TO:_ and all other persons concerned:
You are hereby notified that a petition has been filed in said Court praying for and you are hereby required to file your written defenses thereto within thirty days after the first publication or posting hereof, and serve a copy thereof upon petitioner’s attorney, whose name and address are: -
If you fail to do so, judgment may be entered in due course upon the petition.
Witness my hand and the seal of this Court at -, Florida on -, 19—
(Name of Clerk) As Clerk of the Court
By - As Deputy Clerk
Attorney for - Address
Form 5.640 Petition for Probate of Will
Name of Court
IN RE: ESTATE OF Deceased
PETITION FOR PROBATE OF WILL
Petitioner_,-— whose residence is - and whose postoffice address is- *104 says, to the best of petitioner’s information and belief:
1.That-died at _ on the _ day of_, 19_ and at the time of_death was domiciled at-— and was a resident of-County, and was _ years of age; and at the time of death decedent owned an estate which to the best of petitioner’s knowledge consists of Real Estate situate in _.County, Florida, of the approximate value of $_ and personal property described as: of approximate value of $- That the value of the estate, both real and personal, of said decedent to this petitioner known, is of the approximate amount of $- 2.That the surviving heirs at law of the said decedent known to your petitioner — , are the following:
Name Age Relationship Address (Birthdate of minor)
3.That said decedent died leaving a Last Will and Testament, dated_, 19_which said instrument was published and declared by the decedent as _ Last Will and Testament_, when the said decedent, was at least eighteen years of age in the presence of_ as attesting witnesses, and in said instrument, _ w_ nominated Execut_ thereof.
4.Petitioner_ believe_ that the writ-ing__ offered for probate is the true Last Will and Testament - of said decedent.
Wherefore petitioner_pray_that said writing_be admitted to probate and record as the Last Will and Testament_ _ of the said decedent, and that Letters Testamentary be granted petitioner_ Attorney Petitioner Attorney’s Address Phone
STATE OF FLORIDA COUNTY OF -_
The above named - being by me duly sworn, says that the foregoing petition by_subscribed is true. Notary Public State of Florida at large My Commission Expires _
Form S.6S0 Petition for Letters of Administration
Name of Court
IN RE: ESTATE OF Deceased.
PETITION FOR LETTERS OF ADMINISTRATION
Petitioner, whose residence is _ _ and whose post office address is _ says to the best of petitioner’s information and belief:
1. That_died intestate at _ on _ and at the time of death was domiciled at - and was a resident of _ County; that at the time of death was_years of age. 2. That the surviving heirs at law of decedent are:
Name Age Relationship Address (Birthdate if minor)
*105 3. That the said decedent died owning an estate which to the best of petitioner’s information and belief consists of real estate situate in_ County, Florida of the approximate value of $- and personal property described as-of the approximate value of $-; That the estimated value of both real and personal property is $-; situate and being in-
4. That petitioner is - (here state relationship or right to have letters issued) Wherefore, your petitioner prays that _he may be appointed administrat-of the estate of said decedent. Attorney Petitioner Attorney’s Address Phone
The above named - being by me duly sworn, says that the foregoing petition is true. -Notary Public
Form 5.660 Oath of Personal Representative and Designation of Resident Agent
Name of Court
IN RE: ESTATE OF
OATH OF PERSONAL REPRESENTATIVE AND DESIGNATION OF RESIDENT AGENT
Before me, the undersigned authority this day, personally appeared _ -, to me known, who by being first duly sworn, says:
1. That _he is the person who has been appointed_of the estate of the above named_
2. That —he will faithfully administer the estate of said _ according to law.
3. That h_place of residence is_ -and h_post office address is_
4.That _he hereby designates - a resident of - County, Florida, whose residence is - and whose post office address is - as h_ agent or attorney for service of process in any suit or action against h— in h_ representative capacity, or personally, if such personal action accrued in the administration of such estate. Sworn to and subscribed before me this _ day of - 19-NOTARY PUBLIC
My Commission expires : -
ACCEPTANCE
I certify that I am a permanent resident of _ County, Florida residing at_I hereby accept the foregoing designation as Resident Agent. Dated at _, Florida on -, 19-Resident Agent
Form 5.670 Application for Appointment of Commissioner
Name of Court
IN RE: ESTATE OF Deceased.
APPLICATION FOR APPOINTMENT OF COMMISSIONER
Petitioner -, says that application has been made in this Court for the probate of the Last Will and Testament of- — , deceased; that said Will was executed in and that the witnesses to said Will (here state absence of the witness and name and address of available witness) *106 that_is named in said Will as Execut — !_
Petitioner requests this Court to appoint as Commissioner (name and title) of_ (address) to take the testimony of-, one of the witnesses to said Will, said witness being unable to attend in this Court without great inconvenience. Petitioner
Attorney for Petitioner Form 5.680 Commission
Name of Court
IN RE: ESTATE OF Deceased.
COMMISSION
By_, Judge of the Circuit Court in and for-County, Florida.
TO : _, an officer duly authorized by the laws of the State of _ to administer oaths and take acknowledgments, GREETINGS:
WHEREAS, a writing said to be the Last Will and Testament of_ _ Deceased, has been offered to this Court for probate; and WHEREAS, it appears that-are the subscribing and attesting witnesses thereto and that the residence of said subscribing and attesting witnesses is such that they cannot attend this Court without manifest inconvenience; and
WHEREAS, it is necessary that the oath of at least one of the subscribing and attesting witnesses shall be submitted to this Court in order that the said writing shall be admitted to probate as the Last
Will and Testament of the said_ - deceased.
NOW, THEREFORE I, the undersigned Circuit Judge in and for_ County, Florida, have appointed you and you are hereby authorized and required to cause one or more of the said subscribing and attesting witnesses to said Last Will and Testament personally to come before you and after being duly sworn, take an oath in the form hereinafter provided regarding the execution of said writing, a photographic copy of which is hereto annexed, evidencing the Last Will and Testament of _, deceased, and that you send the same to this Court without delay.
WITNESS MY hand and official seal at-, Florida on -, 19-Attorney for Estate Circuit Judge Attorney’s Address Phone
Form 5.690 Oath of Witness to Will and Certificate of Commissioner
OATH OF WITNESS TO WILL STATE OF __ COUNTY OF_=_ BEFORE ME, _ (name) _ and Commissioner by (title) virtue of the attached Commission, personally appeared _ who, being by me first duly sworn, say_ that —he_ w_ personally present as subscribing and attesting witness_ with who w-- also present as subscribing and attesting witness_, and saw the Testa_, _ subscribe h_ name to the instrument of writing, a photographic copy of which is hereto annexed, as and for h_ Last Will and Testament, and that the said witnesses did, then and there, at the special request *107 of the said Testat-, and in h— presence, and in the presence of each other, subscribe their names thereto as attesting witnesses, and the said-further swear— that _he_ verily believe— the said instrument of writing, a photographic copy of which is hereto annexed so subscribed, declared and attested as aforesaid, to be the true Last Will and Testament of said - at the time of its execution.
SWORN TO AND SUBSCRIBED BEFORE ME
Witness THIS_day of_, 19_ _ Commissioner
NOTE TO COMMISSIONER: Affix your official seal, if any, and indicate your title. If a Notary Public, state the date of expiration of your commission and your official number, if any. If you are a person otherwise authorized to administer oaths and take acknowledgments, cite the applicable law. A Clerk’s Certificate is not required.
STATE OF_
CERTIFICATE OF COMMISSIONER
COUNTY OF_
I do hereby certify that-named in the Commission hereto annexed appeared before me this-day of_, 19_, and after being by me duly sworn, executed the foregoing oath in my presence, and it was duly attested by me, and I now certify it to the Circuit Judge of - County, State of Florida.
IN WITNESS WHEREOF I have hereunto set my hand and affixed my seal of office on _, 19-, at_
(Impression Seal here) - Commissioner
Form 5.700 Inventory
Name of Court
IN RE: ESTATE OF
INVENTORY
TO THE HONORABLE CIRCUIT JUDGES:
The undersigned personal representative of the Estate of_ files this inventory of all the property of said _ that has come into the hands, possession, knowledge or control of the undersigned as such personal representative.
REAL ESTATE:
Brief Description Approximate Value
PERSONAL PROPERTY
Brief Description Approximate Value Personal Representative Subscribed and sworn to before me this _day of-, 19_ Notary Public, State of Florida
My Commission expires: -
Form 5.710 Order of Final Discharge
Name of Court
IN RE: ESTATE OF
ORDER OF DISCHARGE
This cause coming on this day to be heard upon the report of distribution of the representative of the above styled estate, *108 and it appearing to the Court after an examination of said report, that it is proper, that the representative of said estate should be discharged, and that the principal and surety on the Administration Bond in this cause should be relieved and released of and from any further liability, and after due consideration, the Court being fully advised in the premises, it is therefore
ORDERED, ADJUDGED AND DECREED that the report of distribution of the said representative be, and it is hereby approved, allowed and also confirmed, and it is further
ORDERED, ADJUDGED and DECREED that the principal and surety on the Administration Bond be, and they are hereby relieved and released of and from any further liability thereon, and the estate is declared to be fully administered and finally closed.
DONE AND ORDERED at_, Florida on _, A.D. 19-Circuit Judge