327 So.2d 205 (1976)
In re ESTATE of Michael R. BAKER, Deceased.
Lois BAKER, Administratrix of the Estate of Michael R. Baker, Deceased, Petitioner,
v.
Kathy BAKER, Respondent.
No. 45512.
Supreme Court of Florida.
February 5, 1976.
*206 Howard M. Neu, North Miami, and Rudolph Browd, Miami, for petitioner.
William E. Sadowski of Helliwell, Melrose & DeWolf, Miami, for respondent.
PER CURIAM.
Conflict is apparent in the entry of the challenged order of the Third District Court of Appeal reported at 292 So.2d 627 (1974), dismissing an attempted appeal from the order of the probate judge removing petitioner-mother as administratrix and voiding letters of administration previously granted to her as being void ab initio, in favor of her son's 17-year-old alleged widow, Kathy Baker, who remained in intensive care from severe burns in the same accident from which the son had recently died. Oral argument was dispensed with as unnecessary.[1]
The refusal of the Third District to consider the appeal cited Tyler v. Huggins 175 So.2d 239 (Fla.App.2d 1965), as shown on the copy of its order in the record before us; such dismissal was a misapplication of the rule in Tyler which is a classic ground of our conflict jurisdiction.[2]
Tyler dealt with two points, the first being akin to the one involved before us: attempted letters of administration were held void ab initio but in Tyler it was for the express reason therein set forth that the non-resident administrator had twice failed to designate a resident agent as expressly required by statute so that the letters which had been issued lacked the essential predicate for their issuance and were declared void on the ground that letters "should not have been issued until the requirements of the statute had been complied with." Such action left open to the Tyler administrator the opportunity to file for correct letters after perfecting the procedure as a basis for such letters; it was not a removal of the administrator and a termination of such right. The judicial labor was incomplete, in contrast to the situation sub judice where there was a total removal of the named administratrix, meeting the test for an appeal as it is set forth in Tyler: (p. 241)
"The finality of an Order, such as the one we are concerned with here, depends upon the party aggrieved; that is, whether the Order appealed from finally determined the particular question as to such party."
The application of this test in Tyler was really to its second aspect, i.e., the filing of a claim there which was yet to be determined. In commenting upon the claim, however, Tyler pointed out that, conversely, an adverse order (as is the case sub judice) "would have been a final determination *207 of his rights and therefore would have been appealable."
The other aspect of Tyler v. Huggins, supra, deals with the matter of a claim there attempted to be filed, and it was correctly pointed out that it could be filed at any time after petition for letters, even though letters have not been issued, and thus presented no basis for an appeal. It is in reference to this aspect of Tyler on the claim which was filed that the language urged by respondent in Tyler as precedent appears and states that the probate order "is not a final Order and is not appealable."
It is when there is a termination of the judicial labor on the issue involved as to that party that the right of appeal arises. Smoak v. Graham, 167 So.2d 559 (Fla. 1964); In re Hamlin's Estate, 157 So.2d 844 (Fla.App.2d 1963); In re Noland's Estate, 114 So.2d 341 (Fla.App.3d 1959). The challenged order is also in conflict with these authorities, another ground for our jurisdiction here.[3]
All rights of the mother, Lois Baker, as to the administration of her son's estate were terminated by the lower court's order; whether such rights were rightly or wrongly terminated remains for appropriate determination on the merits by the district court of appeal upon remand, together with the determination of other questions asserted there as to the merits of the probate order below; these were earlier stricken on motion in this court (Points II thru VII) as not properly before us in this review, since the district court had not yet passed upon such other issues.[4]
Respondent's position regarding the first aspect of Tyler is that it allegedly holds that any order against an administrator's letters is not an appealable one, but this fails to take into account the particular circumstances on which it was based, namely, that the prerequisites upon which such letters were founded had not yet been met but could be upon compliance in the lower court and therefore all judicial labor had not yet been exhausted. Respondent also suggests that present PGR 5.100 setting forth the orders and judgments from which appeals may be taken refers to such orders as those "determining rights of any party in any particular proceeding in the administration of the estate of a decedent", urging that this language allows the appeal only by a "party" which is the term therein used, arguing that this refers to "an interest  more in the nature of a claim, of a party in and to the assets of the estate." We do not view the language of the rule to be so restrictive. Respondent is correct that it is a claimant who was the subject matter of the earlier cited Smoak v. Graham, supra, In re Hamlin's Estate, supra, and In re Noland's Estate, supra, but the principle is the same in considering the finality of the right which may be involved.
Neither do we agree that similar language referring to rights of any "party" in the second In Re Maxcy's Estate, 165 So.2d 446 (Fla.App.2d 1964), limits the right of appeal to matters such as claims and estate assets. Such a narrow interpretation would be a denial of basic rights of review not contemplated by the rule. Certainly an administrator or executor is likewise a "party" considered within the scope of the rule as to whether or not an appeal will lie; the appeal turns rather upon the finality of the order on the issue involved and the person ("party") as to that issue, albeit that person might have an interest in some other capacity in relation to the estate. Significantly, F.A.R. 5.3(b) makes express provision for supersedeas "for an appeal from an order appointing or removing an executor, administrator," obviously anticipating such possible appeals consistent *208 with the probate rule cited. In re Maxcy's Estate, supra, involved denials of petitions for removal and related relief which were not such final judicial actions as would afford the bases for appeal. This is consistent with Tyler and with our view herein expressed.
The petition for certiorari is accordingly granted and the district court's order of dismissal is hereby quashed and the cause is remanded to the Third District Court for consideration on all aspects of the appeal on the merits.
It is so ordered.
ADKINS, C.J., and ROBERTS, SUNDBERG and HATCHETT, JJ., concur.
OVERTON and ENGLAND, JJ., dissent.
NOTES
[1] F.A.R. 3.10(e).
[2] Spivey v. Battaglia, 258 So.2d 815 (Fla. 1972); McBurnette v. Playground Equipment Corp., 137 So.2d 563 (Fla. 1962); Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441 (Fla. 1961).
[3] Fla. Const. Art. V, § 3(b)(3).
[4] DeLoache v. DeLoache, 274 So.2d 883 (Fla. 1973); Brown v. Winn Dixie Stores, Inc., 267 So.2d 78 (Fla. 1972); Robins v. Cipes, 181 So.2d 521 (Fla. 1966); Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla. 1966).