519 So.2d 679 (1988)
Peggy Mixon HOWARD, Appellant,
v.
Thomas M. BAUMER, Personal Representative of the Estate of William A. Howard, Deceased; et al. Appellees.
No. 87-1090.
District Court of Appeal of Florida, First District.
January 27, 1988.
*680 Joel S. Perwin of Podhurst, Orseck, Parks, et al., Miami, for appellant.
Dana G. Bradford, II of Gallagher, Baumer, Mikals, et al., and Walter G. Arnold of Arnold & Stratford, and Aaron K. Bowden, Jacksonville, for appellees.

ORDER ON MOTIONS
PER CURIAM.
This cause is before us on five motions and a "notice to the court" served by appellees one day before expiration of the time for serving their answer brief. All of the motions are either improper, frivolous, or both. Accordingly, the motions are stricken, and sanctions are imposed pursuant to Florida Rule of Appellate Procedure 9.410.
The motions are listed and synopsized below.
1. Motion to Strike and Limit Brief, and to Dismiss Appeal, and for Related Relief. This "motion" is 15 legal pages in length. Essentially, appellees argue that the doctrines of res judicata and the need to preserve issues below bar appellant's right to bring the substantive argument raised in her initial brief.
2. Motion to Dismiss for Lack of Jurisdiction. This motion alleges that the appeal is untimely even though it was brought within 30 days of rendition of the final order in the probate proceedings. The motion is eight legal pages long, but the basis of the argument is that because appellant seeks review of an earlier interlocutory order, under Florida Rule of Guardianship and Probate 5.100, the appeal is untimely.
3. Request for Judicial Notice of Federal Court Records. This motion requests this court to take judicial notice of documents filed in a related federal court case; which documents are submitted in support of appellee's Motion to Strike etc.
4. Motion to extend time for filing answer brief. This motion seeks a 20 day extension of time from the disposition of appellees' other motions for filing the answer brief.
5. Motion for Leave to File Reply. This motion anticipates "the possibility of a need to respond" to whatever response appellant files to any of the foregoing motions.
Without reaching the merits of the argument contained therein, we find that the motion to strike the initial brief and dismiss the appeal is an improper motion in that it raises substantive arguments which are more appropriately raised in the answer brief. Diaz v. Department of Corrections, 511 So.2d 669 (Fla. 1st DCA 1987). Accordingly, the Motion to Strike and Dismiss, as well as the Motion to Take Judicial Notice are stricken.
In support of the motion to dismiss for lack of jurisdiction, appellees argue that under Florida Rule of Probate and Guardianship Procedure 5.100, an appeal of virtually any order entered in a probate proceeding must be taken within 30 days of *681 rendition of the order sought to be reviewed. That rule provides for appeals from orders and judgments determining the rights of a party. It has been consistently and frequently construed as permitting appeals from judgments and orders finally determining the substantial right of a party to pursue a claim even though the last order of the probate court may not have been entered. See Estate of Baker, 327 So.2d 205 (Fla. 1976); In re Estate of Zimbrick, 453 So.2d 1155 (Fla. 4th DCA 1984); Baldwin v. Lewis, 397 So.2d 985 (Fla. 3rd DCA 1981). However, it has been just as consistently held that appeals from interlocutory orders pertaining to procedural matters are not appealable under Rule 5.100. In re Zaloudek's Estate, 356 So.2d 1326 (Fla. 4th DCA 1978); In re Letterman's Estate, 238 So.2d 695 (Fla. 3rd DCA 1970); Tyler v. Huggins, 175 So.2d 239 (Fla. 2nd DCA 1965); In re Maxcy's Estate, 165 So.2d 446 (Fla. 2nd DCA 1964); In re Sager's Estate, 171 So.2d 580 (Fla. 2nd DCA 1964); In re Dorsey's Estate, 114 So.2d 430 (Fla. 2nd DCA 1959); In re Hill's Estate, 114 So.2d 462 (Fla. 2nd DCA 1959). The order being challenged by appellant struck her demand for jury trial. It did not determine in any way her right to recover or proceed on her claim. As such it was merely interlocutory, administrative, and procedural in nature, and not appealable. See e.g. In re Maxcy's estate. Accordingly, the motion to dismiss is denied.
While a jurisdictional challenge may be raised at any time, we note the last minute filing of the motion to dismiss. At the time appellees objected to appellant's motion for extension of time, (see discussion below) they were aware of the nature of the challenge appellant intended to raise. Yet, the jurisdictional issue was not raised until one day before appellees' brief was due, and then in conjunction with four other unrelated motions. Under the circumstances, questions regarding the diligence of counsel are unavoidable.
Appellee's motion for extension of time is also inappropriate. First, the motion does not comply with the express requirements of Florida Rule of Appellate Procedure 9.300, in that there is no certification regarding the position of opposing counsel. In addition, no grounds for the extension are included in the motion except that appellees will need more time after their various motions are disposed of, even though the motions themselves toll the time for serving the brief. Fla.R.App.P. 9.300. Had the motions been filed more than one day prior to the date their brief was due, appellees would not be facing the need for an additional extension of time after the motions are disposed of. Notably, as appellant points out in her consolidated response to appellees' motions, appellees vehemently objected to the only motion filed by appellant; a motion for extension of time. In view of the timing of the deluge filed by appellees, it must be concluded that appellees' previously expressed concern about delaying a merits determination of this appeal was not entirely in good faith.
Finally, the motion to file a reply is stricken as premature.
We find that the cumulative effect of appellees appearance in this court to date constitutes a gross abuse of motion practice. See Dubowitz v. Century Village East, Inc., 381 So.2d 252 (Fla. 4th DCA 1979). Accordingly, in addition to striking the five motions addressed herein, we order that a copy of this opinion be provided to appellees personally, and that counsel for appellees shall not assess any fee against their clients for time spent in preparation of these motions. Within five days, counsel for appellees shall file a certification with this court that the foregoing has been complied with. No motion for reconsideration of this order will be entertained.
MILLS, WENTWORTH and BARFIELD, JJ., concur.