587 So.2d 1163 (1991)
In re the ESTATE OF Rose BIERMAN, Deceased.
No. 90-3091.
District Court of Appeal of Florida, Fourth District.
October 9, 1991.
Rehearing, Clarification and Rehearing Denied November 18, 1991.
*1164 Joseph G. Young of Anderson Larche and Young, Fort Lauderdale, for appellant Deborah Sharek-Winner.
Gary L. Rudolf of Taylor Brion Buker & Greene, Fort Lauderdale, for appellee Southeast Bank, N.A.
Robert W. Crawford and John F. Bradley of Crawford & Bradley, Fort Lauderdale, for appellee Robert J. O'Toole.
Rehearing, Clarification and Rehearing En Banc Denied November 18, 1991.
PER CURIAM.
Although we have thoroughly examined the issues raised on appeal and find no error by the trial court, we have concluded, after the submission of supplemental briefs on the issue, that the order entered in the probate court is not one subject to our review. Accordingly, we dismiss the appeal.

PROBATE PROCEEDINGS
Appellant, Deborah Sharek-Winner, challenges an order setting aside a summary judgment and appointing an administrator ad litem over the estate of her aunt, Rose Bierman, pending the trial court's determination of whether the estate should proceed testate or intestate.
After Mrs. Bierman died in October, 1989, her attorney filed a petition for administration and a petition for probate of a lost will. Bierman's attorney had prepared Bierman's last will and a revocable living trust executed contemporaneously with the will. The terms of the trust were incorporated by reference in the will, which appointed appellee Southeast Bank as Mrs. Bierman's personal representative. Although these petitions were served on the beneficiaries then living named under the will and trust, those persons, like Winner, who would be deemed heirs and would therefore be entitled to the estate if the will were not admitted to probate, did not receive the same formal notice pursuant to Section 733.207(3) Florida Statute (1989). As a result, Winner filed and served a petition for revocation of the order admitting the will to probate and for removal of Southeast Bank as personal representative, as well as a petition for administration of an intestate estate, alleging that the trust and the will had been revoked. Subsequently, a majority, but not all, of Mrs. Bierman's heirs, filed a waiver and consent to Winner's requests.
Winner moved for summary judgment on her petitions and the court issued an order granting the motion. Southeast moved for rehearing and as grounds asserted that:
1. The court's finding that no defenses had been filed was contrary to the record, in that Southeast had denied the allegations of the petition for administration;
2. The court erred in summarily concluding that Southeast was not an interested person in Mrs. Bierman's estate;
3. There was an issue of fact as to whether Mrs. Bierman died intestate.
Southeast suggested that the court appoint an administrator ad litem pending a hearing on the competing petitions for administration of the estate.
The motion for rehearing was granted, except that the prior order was left intact *1165 to the extent it revoked the probate of the copy of the purported last will and testament of Rose Bierman and removed Southeast Bank as personal representative.

APPELLATE JURISDICTION
Rule 9.030(b)(1)(A), Florida Rules of Appellate Procedure provides for appellate review in the district courts of appeal of final orders of trial courts not directly reviewable by the supreme court or a circuit court. In addition, as to probate proceedings, Rule 5.100, Fla.Probate Rules, provides, in part, that "[a]ll orders and judgments of the court determining rights of any party in any particular proceeding in the administration of the estate of a decedent or ward shall be deemed final, and may, as a matter of right, be appealed to the appropriate district court of appeal... ." (emphasis supplied). It is not clear what exactly qualifies as a final order under this section and the case law does little to elucidate the question.
Winner maintains in her supplemental brief that the order contains several distinct adjudications, the subject matter of which provides a separate basis for the vesting of jurisdiction in our court. Initially, she points out, the order appoints an administrator ad litem to investigate circumstances pertaining to a petition for lost will, and to appear and substitute as a party plaintiff in a civil action brought in another court by Southeast Bank prior to its removal as personal representative. This, she suggests, makes the order final for appellate purposes, under Sutton v. Stear, 264 So.2d 838, 840 (Fla. 1972), that decision quoting from Smoak v. Graham, 167 So.2d 559, 561 (Fla. 1964), as to an appealable order in probate:
"We conclude ... that the judicial labor of the probate court is complete, for purposes of review of a ruling under Section 733.18(2), at the point when recourse to suit in another court or defense of such independent action is required as a condition to any further consideration of the claim in probate.
The specific holding in Sutton was that an order of a county judge granting an extension of time within which objections could be filed to a claim against a decedent's estate was a "final determination" on that subject. Sutton, 264 So.2d at 841. The court reasoned that a time extension was "logically unassailable thereafter in that or any other trial court, and the right of appeal should and does then accrue." Id. Winner suggests that the order in this case is likewise logically unassailable, and therefore final, as it directs the administrator ad litem to "perform all the functions that a personal representative was authorized to do" and further directs that he substitute in another civil action pending in the court's general jurisdiction. This analogy is not persuasive to us.
The order appealed from found, in essence, that further proceedings were necessary to dispose of the cause. As such, the order is on its face, a non-final order since the parties' rights are left undetermined until a future date.
Southeast points out that while probate proceedings are substantially in rem, there are many occasions when the entry of orders will determine a particular party's interest and entitlement in the estate. For instance, the probate court may find that a creditor failed to file a statement of claim in a timely manner and is therefore barred, or that a creditor has a priority claim. Similarly, orders are entered determining beneficiaries and construing wills.[1] *1166 However, where the rights of the parties as relates to their interest in the estate are not finally determined, then the orders are not deemed final for purposes of appeal. Examples of these include: Tyler v. Huggins, 175 So.2d 239 (Fla. 2d DCA 1965) (order permitting a claim to be filed against an estate where the personal representative could still object thereto); In re Sager's Estate, 171 So.2d 580 (Fla. 2d DCA 1964) (order requiring the personal representative to file an inventory of assets and an amended final return); In re Peterson's Estate, 73 So.2d 225 (Fla. 1954) (order denying a motion to dismiss a petition for construction of certain provision of a will); In re Maxcy's Estate, 165 So.2d 446 (Fla. 2d DCA 1964) (orders accepting resignation of fiduciary and requiring her to complete accounting and denying approval of account); In re Dorsey's Estate, 114 So.2d 430 (Fla. 2d DCA 1959). It appears that the case at bar is more akin to this category of cases than those cited by appellant.
The "rights of the parties" test, as set out in the probate rule was discussed in In re Estate of Baker, 327 So.2d 205 (Fla. 1976). The Baker opinion contrasted its facts with those in Tyler v. Huggins, 175 So.2d 239 (Fla. 2d DCA 1965). In Tyler attempted letters of administration were held void ab initio because the nonresident administrator had twice failed to designate a resident agent as expressly required by statute. Consequently, the letters which had been issued lacked the essential predicate for their issuance and were declared void on the ground that they "should not have been issued until the requirements of the statute had been complied with." Baker, 327 So.2d at 206. However, because this action left open to the Tyler administrator the opportunity to file for correct letters after perfecting the procedure as a basis for such letters, the Baker court concluded that the situation in Tyler did not involve the removal of the administrator and the termination of such right. Id. at 206:
The judicial labor was incomplete, in contrast to the situation sub judice where there was a total removal of the named administratrix, meeting the test for an appeal as it is set forth in Tyler: (p. 241). "The finality of an Order, such as the one we are concerned with here, depends upon the party aggrieved; that is, whether the Order appealed from finally determined the particular question as to such party.'
Id. In Baker, by contrast, all rights of the mother, Lois Baker, as to the administration of her son's estate were terminated by the lower court's order. Id. at 207. In Howard v. Baumer, 519 So.2d 679 (Fla. 1st DCA 1988), rev. denied, 528 So.2d 1181 (Fla. 1988) the court, referring to Rule 5.100, stated:
It has been consistently and frequently construed as permitting appeals from judgments and orders finally determining the substantial right of a party to pursue a claim even though the last order of the probate court may not have been entered. See Estate of Baker, 327 So.2d 205 (Fla. 1976); In re Estate of Zimbrick, 453 So.2d 1155 (Fla. 4th DCA 1984); Baldwin v. Lewis, 397 So.2d 985 (Fla. 3d DCA 1981). However, it has been just as consistently held that appeals from interlocutory orders pertaining to procedural matters are not appealable under Rule 5.100. In re Zaloudek's Estate, 356 So.2d 1326 (Fla. 4th DCA 1978); In re Leterman's Estate, 238 So.2d 695 (Fla. 3d DCA 1970); Tyler v. Huggins, 175 So.2d 239 (Fla. 2d DCA 1965); In re Dorsey's Estate, 114 So.2d 430 (Fla. 2d DCA 1959); In re Hill's Estate, 114 So.2d 462 (Fla. 2d DCA 1959).
Id. at 681.
The instant case is more like Tyler than Baker. Unlike the order in Baker which removed the administratrix and voided the letters of administration previously granted to her, the order here has not permanently removed Winner as administratrix, despite Winner's assertion otherwise. *1167 The instant order does not appear to pass the "substantial right of the party" test; it cannot be said that the order has determined any of Winner's substantial rights to pursue a claim or claims in the estate.
We also do not believe that the fact that the court appointed an administrator ad litem makes the order appealable. That individual was appointed simply to maintain the status quo in the estate until the parties can properly litigate their positions and the court can adjudicate their rights in the estate. But see Woolf v. Reed, 389 So.2d 1026 (Fla. 3d DCA 1980); Sine v. Davidson, 530 So.2d 506 (Fla. 3d DCA 1988); and In re Estate of Cordiner, 458 So.2d 418, 419 (Fla. 2d DCA 1984) (courts exercised their appellate jurisdiction to review the appointment of an administrator ad litem). See also In re Estate of Miller, 568 So.2d 487, 488 (Fla. 1st DCA 1990) (First District exercised its appellate jurisdiction to review a final order appointing a curator to preserve the property of in an estate rather than appointing him personal representative as specified in the will).
The legal and practical effect of the grant of the motion for rehearing is that the motion for summary judgment was denied. The finality as to who will serve as the personal representative is still very much up in the air and will not be determined until there is a hearing on the issue of testate versus intestate estate. Winner acknowledges the possibility of her being reappointed as personal representative in the future, thus acknowledging the non-final status of the trial court proceedings. No one contends that an appeal would have been authorized had the trial court originally denied the motion for summary disposition. We see little reason to provide such an appeal when the trial court has provided the same result, albeit by virtue of a reconsideration of the earlier action. Rather, the case may now proceed on the merits, and the parties will have their day in court.
Because our opinion appears to conflict with some earlier district court opinions cited herein, and because we believe the issue of jurisdiction to review probate orders is unclear, we certify the jurisdictional issue as a question of great public importance.
ANSTEAD and WARNER, JJ., and STEVENSON, W. MATTHEW, Associate Judge, concur.
NOTES
[1] Southeast refers us to decisions where orders of the probate court have been found to be final, and thus appealable: In re Estate of Zimbrick, 453 So.2d 1155 (Fla. 4th DCA 1984) (orders which effectively determined a parent's right to administer a deceased child's estate); Baldwin v. Lewis, 397 So.2d 985 (Fla. 3d DCA 1981) (order denying personal representative's petition to extend time for filing objection to creditor's claim); In re Beeman's Estate, 391 So.2d 276 (Fla. 4th DCA 1980) (order awarding attorney's fees based upon fee contract between original personal representative of the estate and law firm); Pratt v. Gerber, 330 So.2d 552 (Fla. 3d DCA 1976) (order determing that estate had no interest in certain property and that widow was the sole owner thereof); Val Bostwick v. Cowan's Estate, 326 So.2d 454 (Fla. 1st DCA 1976) (order which approved settlement agreement between parties and dismissed with prejudice, petition to revoke probate); In re Cook's Estate, 245 So.2d 694 (Fla. 2d DCA 1971) (order fixing attorney's fees in probate proceeding).