ON MOTION TO DISMISS

KLEIN, Judge.
The trial court granted a creditor’s motion to extend the time for filing a statement of claim in an estate, and the estate is attempting to appeal that order. The creditor has filed a motion to dismiss the appeal on the ground that the order is not appealable.
In probate all orders “determining rights of any party in any particular proceeding in the administration of the estate” are appeal-able. Fla. Prob. R. 5.100. Whether this order is appealable appears to be a question of first impression.
In In re Estate of Bierman, 587 So.2d 1163 (Fla. 4th DCA 1991), a case in which we observed that the rule is not specific and there is little precedent to guide us, we dismissed an appeal. The order in Bierman was not an extension to file a claim; howev *64 er, in Bierman we cited as authority for dismissal Tyler v. Huggins, 175 So.2d 239 (Fla. 2d DCA 1965), describing the order in Tyler as one “permitting a claim to be filed against an estate where the personal representative could still object thereto.” Bier-man at 1166. That is precisely what this order does.
We conclude that an order extending the time for filing a creditor’s claim does not have sufficient finality, with regard to the rights of any party, to be appealable. The estate can appeal when it is required to pay the claim. We therefore dismiss the appeal.
DELL and WARNER, JJ., concur.