712 So.2d 421 (1998)
In re ESTATE OF Mary Helen NOLAN, Deceased.
Augusta OWENS and Robert C. Owens, Appellants,
v.
William R. SWINDLE, as Administrator Ad Litem of the Estate of Mary Helen Nolan, and Fred J. Wilder, as Personal Representative of the Estate of Mary Helen Nolan, Appellees.
No. 97-04597.
District Court of Appeal of Florida, Second District.
May 22, 1998.
Rehearing Denied June 18, 1998.
*422 George F. Wilsey of Fisher and Wilsey, P.A., St. Petersburg, for Appellants.
Steven L. Hearn and Cynthia L. Kendrick of Ketchey, Horan, P.A., Tampa, for Appellee William R. Swindle, Administrator Ad Litem.
Wm. Fletcher Belcher of Law Offices of Wm. Fletcher Belcher, St. Petersburg, for Appellee Fred J. Wilder, Personal Representative.

ON MOTION TO DISMISS APPEAL
ALTENBERND, Judge.
Augusta Owens and her husband, Robert C. Owens, appeal an order of the probate court that authorizes a previously appointed administrator ad litem to file an action seeking to set aside the last will of Mary Helen Nolan and her revocable living trust on the ground that Mr. and Mrs. Owens exercised undue influence in connection with the procurement of these documents. One of the appellees, Fred J. Wilder, as personal representative of the Estate of Mary Helen Nolan, moved this court for the entry of an order dismissing the appeal because the interlocutory order is not a final determination of any right or obligation. Florida Rule of Appellate Procedure 9.110(a)(2) authorizes an aggrieved party to appeal a wide variety of orders entered by probate courts. Many of the orders appealable under rule 9.110(a)(2) are technically interlocutory orders. For a district court to have jurisdiction to review such an interlocutory order, the order must "finally determine a right or obligation of an interested person as defined in the Florida Probate Code."[1] We conclude that, from the perspective of the appellants, the interlocutory order which they have appealed is not a final determination of a right or obligation.
Mary Helen Nolan died on April 24, 1994, when she was more than 95 years old. She apparently had no close living relatives.[2] For a number of years before her death, Mrs. Owens was Ms. Nolan's caretaker. In 1993, Ms. Nolan executed a revocable trust, the corpus of which was securities valued in excess of $500,000. The sole beneficiary of the trust was Mr. Owens. Ms. Nolan also executed a new will that gave $550,000 and her home to Mrs. Owens. Mr. Wilder was the attorney who represented Ms. Nolan in these matters, and he also became the personal representative of her estate when she died a year later.
As personal representative, Mr. Wilder became aware of numerous inter vivos transfers, totalling approximately 1.8 million dollars, from Ms. Nolan to the Owenses or members of their family. Recognizing that he may become a witness or otherwise have a conflict, Mr. Wilder arranged for the appointment of William R. Swindle, as administrator ad litem, in early January 1997 to determine whether any action should be filed to recover any funds associated with the revocable trust. This appeal does not challenge that appointment.
In July 1997, the administrator ad litem filed a report recommending that an action be filed to challenge the will and the trust because of possible undue influence by Mr. and Mrs. Owens. In September 1997, the probate court entered an order authorizing the administrator to pursue this action and to join in any other actions filed against Mr. or Mrs. Owens. Mr. and Mrs. Owens appeal this order.
Rule 9.110(a)(2), which was amended effective January 1, 1997, authorizes appeals of "orders entered in probate and guardianship matters that finally determine a right or obligation of an interested person as defined by the Florida Probate Code." (Emphasis added.) Prior to 1997, jurisdiction for such an appeal was located in Florida Rule of Probate 5.100. That rule did not expressly limit appeals to final determinations, but case law under that rule normally recognized such a restriction. See Tyler v. Huggins, 175 So.2d 239 (Fla. 2d DCA 1965); In re Estate of Baker, 327 So.2d 205 (Fla.1976); In re *423 Estate of Bierman, 587 So.2d 1163 (Fla. 4th DCA 1991).
The Florida Supreme Court in In re Amendments to the Florida Probate Rules, 683 So.2d 78 (Fla.1996), agreed with a member of the Appellate Rules Committee that "proposed rule 9.110(a)(2) is different from [Florida Probate Rule] 5.100 and appears to preclude appeals that rule 5.100 permits." The court amended rule 5.100 to conform to rule 9.110(a)(2). Thus, if there is any difference concerning the need for finality between the current rule and the former rule, the requirement of finality is stronger under the current rule.
The Fourth District has concluded that rule 9.110(a)(2) "does not abrogate prior case law holding that a party's right of appeal arises when there is a termination of judicial labor on the issue involved as to that party." In re Estate of Walters, 700 So.2d 434, 435 n. 1 (Fla. 4th DCA 1997). We conclude that it also does not abrogate the prior case law holding that finality must be viewed from the perspective of the appellant who is challenging the order. In Tyler, this court dismissed an appeal of a probate order and prescribed the following test for the finality and appealability of such orders:
The finality of an Order ... depends upon the party aggrieved; that is, whether the Order appealed from finally determined the particular question as to such party.
175 So.2d at 241.
In this case, it is arguable that the order on appeal finally determines the right or obligation of the administrator ad litem to file a will contest. The administrator, however, is not aggrieved and has not appealed the order. From the perspective of Mr. and Mrs. Owens, this interlocutory order merely allows the commencement of a lawsuit, the outcome of which may or may not ultimately be adverse to their interests. It does not end judicial labors on these issues for Mr. and Mrs. Owens, and it does not finally determine any of their rights or obligations. If ever, those issues will be resolved with finality at the conclusion of the lawsuits that may be filed by the administrator ad litem. We have also considered whether this appeal could be treated as a petition for certiorari, but conclude the Owenses have not established a basis for such relief.
Appeal dismissed.
FRANK, A.C.J., and NORTHCUTT, J., concur.
NOTES
[1] District court jurisdiction to review such interlocutory orders is established by the supreme court, not by the legislature. See art. V, § 4(b)(1), Fla. Const.
[2] Obviously, there has been no trial in this case. The "facts" in this opinion are derived from the standard filings in the probate proceeding and from the administrator's report.