683 So.2d 78 (1996)
AMENDMENTS TO the FLORIDA PROBATE RULES.
No. 87666.
Supreme Court of Florida.
October 3, 1996.
John W. Frost, III, President, Bartow; Edward R. Blumberg, President-elect, Miami; and John F. Harkness, Jr., Executive Director, Tallahassee, on behalf of The Florida Bar; and Wilson Smith, Chair, Florida Probate Rules Committee, Miami, Florida, for Petitioner.
Rohan Kelley, John G. Grimsley and John Arthur Jones, Fort Lauderdale, Florida, Interveners.
Charles E. Ray of Messer and Ray, Port St. Lucie, Florida; and Stephen Krosschell, Holiday, Interested Parties.
PER CURIAM.
The Florida Bar Probate Rules Committee has submitted its quadrennial report of proposed changes to the Florida Probate Rules. We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution.
The rules committee proposes several substantive amendments to the rules, including changes to conform to the Rules of Civil Procedure and to conform to statutory changes. Four proposed rule changes are amendments of the committee notes and not the body of the rule. The other recommended changes are intended to simplify and clarify the rules.
The Board of Governors of The Florida Bar and the Executive Council of the Real Property, Probate, and Trust Law Section of the Bar approved the proposed changes. The committee's report and a summary of the proposed amendments were published
The Florida Bar News. The text of the proposed amendments were placed on the Court's Internet site.
Two comments dealing with rules 5.100 and 5.560 were received. Stephen Krosschell, a member of the Appellate Rules Committee, points out that proposed Florida Rule of Appellate Procedure 9.110(a)(2) governs appeals in probate matters and is intended to supersede Florida Probate Rule 5.100.[1]See In re Amendments to Florida Rules of Appellate Procedure, No. 87,134 (currently pending before Court). He further notes that proposed rule 9.110(a)(2) is different from rule 5.100 and appears to preclude appeals that rule 5.100 permits. In order to remove a possible trap to the practitioner who looks to rule 5.100 and is unaware of rule 9.110(a)(2), Krosschell urges us to delete all but the last sentence of rule 5.100 and to amend it to provide that the appeals of probate and guardianship orders are governed by the appellate rules. We agree and have so amended rule 5.100, as indicated in the appendix to this opinion.
The second comment regards the proposed amendment of rule 5.560, which would eliminate the requirement that the social security or tax identification number of a proposed guardian be included in a petition for appointment of guardian of an incapacitated person. Probate Rules Committee member Charles E. Ray has voiced his opposition to this amendment. Ray states that the guardian's social security number is a tool that aids the courts in administering these guardianships and in keeping track of the guardians. Ray urges the Court to delay implementation of the rule 5.560 changes until the rules include a requirement that the application for appointment as guardian include the guardian's social security number. We agree. Accordingly, we decline to implement that part of the proposed change to rule 5.560 at this time. *79 Rohan Kelley, John G. Grimsley, and John Arthur Jones also filed a motion to intervene and propose changes to rules 5.180 and 5.400. This Court granted the motion and the interveners' proposed amendments were published in the May 15, 1996, issue of The Florida Bar News. No comments dealing with the intervenors' proposed amendments were filed. The intervenors' proposed amendments are intended to conform to a 1995 amendment of section 733.6171, Florida Statutes, regarding disclosure of attorney fees. See ch. 95-401,  2, at 3278-81, Laws of Fla. The rules committee had completed its committee work by the July 1, 1995, effective date of the statutory amendment and thus did not address this statutory change. At oral argument, Committee Chair Wilson Smith recommended adopting the intervenors' proposals. Accordingly, rules 5.180 and 5.400 are amended to include the specific fee waiver disclosure requirements found in section 733.6171(9), Florida Statutes (1995).
After reviewing the report of the rules committee, the intervenors' proposals, and the comments filed by interested parties, we approve the appended amendments to the Florida Probate Rules. The amendments reflect the substantive changes recommended by the rules committee and the intervenors. However, we decline to delete the rule 5.560 requirement that the guardian's social security number be included on a petition for appointment of guardian until the committee addresses the concerns presented to this Court. We also amend rule 5.100 to ensure that it conforms with the appellate rules. New language is indicated by underscoring; deletions are indicated by strike-through type. The committee notes are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 1997.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

APPENDIX

RULE 5.040. NOTICE

(a) Formal Notice.
(1) When formal notice is given, a copy of the pleading or motion shall be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service or immediately thereafter, and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.
(2) After service of formal notice, informal notice of any hearing on the pleading or motion shall be served on interested persons, provided that if no written defense is served within 20 days after service of formal notice on an interested person, the pleading or motion may be considered ex parte as to that person, unless the court orders otherwise.
(3) Formal notice shall be served:
(A) by any commercial delivery service requiring a signed receipt approved by the chief judge of the judicial circuit in which the proceeding is pending or by any form of mail requiring a signed receipt as follows:
(i) on an interested person represented by an attorney by mailing or delivering a copy to the attorney; or
(ii) on an interested person who has filed a demand for notice by mailing or delivering a copy to the post office address given in the demand for notice; or
(iii) on an individual, other than an incapacitated person, by mailing or delivering a copy to the individual's usual place of abode or to the place where the individual regularly conducts business; or
(iv) on an incapacitated person by mailing or delivering a copy to the person's usual place of abode and to the person's legal *80 guardian, if any, at the guardian's usual place of abode or regular place of business; or, if there is no legal guardian, by mailing or delivering a copy to the incapacitated person at the person's usual place of abode and to the person, if any, having care or custody of the incapacitated person at the usual place of abode or regular place of business of such custodian; or
(v) on a corporation by mailing or delivering a copy to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
(B) as provided by Florida law for service of process; or
(CB) by an elisor as may be provided in the Florida Rules of Civil Procedure for service of process; or
(C) as otherwise provided by Florida law for service of process.
(4) If service of process is made pursuant to Florida law, proof of service shall be made as provided therein.
(54) Service of formal notice by mail pursuant to subdivision (3)(A) shall be complete on receipt of the notice. If service is made by mail, pP roof of service shall be by verified statement of the person mailing service giving the notice, and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or the addressee's agent.
(5) If service of process is made pursuant to Florida law, proof of service shall be made as provided therein.
(b) Informal Notice. When informal notice of a petition or other proceeding is required or permitted, it shall be served as provided in rule 5.041(b).
(c) "Notice" Defined. In these rules, the Florida Probate Code, and the Florida Guardianship Law "notice" shall mean informal notice unless formal notice is specified.
(d) Formal Notice Optional. Formal notice may be given in lieu of informal notice at the option of the person giving notice unless the court orders otherwise. When formal notice is given in lieu of informal notice, formal notice shall be given to all interested persons entitled to notice.

Committee Notes
Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining jurisdiction over the person receiving the notice.
Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.
Reference in this rule to the terms "mail" or "mailing" refers to use of the United States Postal Service.

Rule History
1975 Revision: Implements section 731.301, Florida Statutes.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new rules 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (b) amended to define informal notice more clearly.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to permit service of formal notice by commercial delivery service to conform to 1993 *81 amendment to section 731.301(1), Florida Statutes. Editorial changes.

Statutory References
 1.01(3), Fla.Stat. Definitions.
Ch. 48, Fla.Stat. Process and service of process.
Ch. 49, Fla.Stat. Constructive service of process.
 731.105, Fla.Stat. In rem proceeding.
 731.201(16), (20), Fla.Stat. General definitions.
 731.301, Fla.Stat. Notice; method and time; proof.
 733.203, Fla.Stat. Notice; when required.
 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
 733.2123, Fla.Stat. Adjudication before issuance of letters.
 733.502, Fla.Stat. Resignation of personal representative.
 733.613, Fla.Stat. Personal representative's right to sell real property.
 733.6175, Fla.Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
 733.901, Fla.Stat. Distribution; final discharge.
 744.106, Fla.Stat. Notice.
 744.3201, Fla.Stat. Petition to determine incapacity.
 744.331, Fla.Stat. Procedures to determine incapacity.
 744.3371, Fla.Stat. Notice of petition for appointment of guardian and hearing.
 744.441, Fla.Stat. Powers of guardian upon court approval.
 744.447, Fla.Stat. Petition for authorization to act.
 744.477, Fla.Stat. Proceedings for removal of a guardian.

Rule References
Fla.Prob.R. 5.025 Adversary proceedings.
Fla.Prob.R. 5.030 Attorneys.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
Fla.Prob.R. 5.060 Request for notices and copies of pleadings.
Fla.Prob.R. 5.180 Waiver and consent.
Fla.Prob.R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla.R.Jud.Admin. 2.060 Attorneys.
Fla.R.Civ.P. 1.070 Process.
Fla.R.Civ.P. Form 1.902 Summons.

RULE 5.041. SERVICE OF PLEADINGS AND PAPERS
(a) Service; When Required. Unless the court orders otherwise, every petition or motion for an order determining rights of an interested person, and every other pleading or paper filed in the particular proceeding which is the subject matter of such petition or motion, except applications for witness subpoenas, shall be served on interested persons unless these rules, the Florida Probate Code, or the Florida Guardianship Law provides otherwise. No service need be made on interested persons against whom a default has been entered, or against whom the matter may otherwise proceed ex parte, unless a new or additional right or demand is asserted.
(b) Service; How Made. When service is required or permitted to be made in a particular proceeding in the administration of an estate on an interested person represented by an attorney, service shall be made on the attorney unless service on the interested person is ordered by the court. Except when serving formal notice, service on tho attorney or interested person shall be made by delivering mail, facsimile, or delivery of a copy of the motion, pleading, or other paper to the attorney or interested person or by mailing it to the attorney or interested person at the last known address or, if no address is known, by leaving it with sending it to the clerk of the court. Service by facsimile shall be made by sending a copy of the motion, pleading, or other paper served with a cover sheet containing the sender's name, firm *82 name, if any, address, telephone number, facsimile number, and number of pages transmitted. When service is made by facsimile, a copy shall also be mailed or delivered. Facsimile service occurs when transmission is complete. Delivery of a copy within this rule shall mean be complete upon:
(1) handing it to the attorney or to the interested person,; or
(2) leaving it at the attorney's or interested person's office with the clerk or other person in charge thereof or
(3) if there is no one in charge, leaving it in a conspicuous place therein or
(4) if the office is closed or the person to be served has no office, leaving it at the person's usual place of abode with some person of the family above 15 years of age and informing that person of the contents.
(5) Service by delivery or facsimile received after 4:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
(6) Service by mail shall be complete on mailing except where serving formal notice.
(c) Service; Numerous Interested Persons. In proceedings when the interested persons are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its initiative in a manner as may be found to be just and reasonable.
(d) Filing. All original papers shall be filed either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing With the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with the judge in which event the judge shall note thereon the filing date and transmit them to the clerk.
(f) Certificate of Service. When any attorney shall certify in substance:
"I certify that a copy hereof has been furnished to (here insert name or names) by (delivery) (mail) this ___ day of ___, 19___.
 _____________________________
 Attorney"
the certificate shall be taken as prima facie proof of service in compliance with these rules except in case of formal notice. A person not represented by an attorney shall certify in the same manner, but the certificate must be verified.
(g) Service of Orders.
(1) A copy of all orders or judgments determining rights of an interested person shall be transmitted by the court or under its direction at the time of entry of the order or judgment to all interested persons in the particular proceeding.
(2) This subdivision (g) is directory, and a failure to comply with it does not affect the order or judgment or its finality.

Committee Notes
Derived from Florida Rule of Civil Procedure 1.080. Regulates the service of pleadings and papers in proceedings on petitions or motions for determination of rights. It is not applicable to every pleading and paper served or filed in the administration of a guardianship or decedent's estate.

Rule History
1984 Revision: New rule. Subdivision (c) is same as former rule 5.040(d).
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (b) amended to allow service to be made by facsimile. Committee notes revised.

Statutory References
 731.201, Fla.Stat. General definitions.
 731.301, Fla.Stat. Notice; method and time; proof.
 733.203, Fla.Stat. Notice; when required. *83  733.212, Fla.Stat. Notice of administration; filing of objections and claims.
 733.2123, Fla.Stat. Adjudication before issuance of letters.
 733.604(2), Fla.Stat. Inventory.
 733.705(2), (3), Fla.Stat. Payment of and objection to claims.
 744.3201, Fla.Stat. Petition to determine incapacity.
 744.331, Fla.Stat. Procedures to determine incapacity.
 744.3371, Fla.Stat. Notice of petition for appointment of guardian and hearing.
 744.447, Fla.Stat. Petition for authorization to act.

Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.025 Adversary proceedings.
Fla.Prob.R. 5.030 Attorneys.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.042 Time.
Fla.Prob.R. 5.150(c) Order requiring accounting.
Fla.Prob.R. 5.180(a)(3) Waiver and consent.
Fla.Prob.R. 5.240(a) Notice of administration.
Fla.Prob.R. 5.550 Petition to determine incapacity.
Fla.Prob.R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla.R.Civ.P. 1.080 Service of pleadings and papers.
Fla.R.Jud.Admin. 2.060 Attorneys.

RULE 5.080. DISCOVERY
(a) Application. The following Florida Rules of Civil Procedure relating to discovery shall apply in probate and guardianship proceedings:
(1) Rule 1.280, general provisions governing discovery.
(2) Rule 1.290, depositions before action or pending appeal.
(3) Rule 1.300, persons before whom depositions may be taken.
(4) Rule 1.310, depositions upon oral examination.
(5) Rule 1.320, depositions upon written questions.
(6) Rule 1.330, use of depositions in court proceedings.
(7) Rule 1.340, interrogatories to parties.
(8) Rule 1.350, production of documents and things and entry upon land for inspection and other purposes.
(9) Rule 1.351, production of documents and things without deposition.
(10) Rule 1.360, examination of persons.
(11) Rule 1.370, requests for admission.
(12) Rule 1.380, failure to make discovery; sanctions.
(13) Rule 1.390, depositions of expert witnesses.
(14) Rule 1.400, publication of deposition,
(b) Limitations and Costs. In order to conserve the assets of the estate, the court has broad discretion to limit the scope and the place and manner of the discovery and may assess the costs of the discovery against the party making it or against 1 or more of the beneficiaries of the estate or against the ward in such proportions as the court determines, considering, among other things, the benefit derived therefrom.

Committee Notes

Rule History
1975 Revision: This rule is the same as prior rule 5.080, broadened to include guardianships and intended to clearly permit the use of discovery practices in nonadversary probate and guardianship matters.
1977 Revision: Editorial change in citation form in committee note.
1984 Revision: Florida Rules of Civil Procedure 1.290, 1.300, 1.351, and 1.410 have been added.
1988 Revision: Subdivision (a)(15) deleted as duplicative of rule 5.070 Subpoena. Editorial change in (b). Citation form change in committee notes.
*84 1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Reference to rule 1.400 eliminated because of deletion of that rule from the Florida Rules of Civil Procedure. Editorial change.

Statutory References
 733.106, Fla.Stat. Costs and attorney fees.
 744.105, Fla.Stat. Costs.
 744.108, Fla.Stat. Guardian's and attorney's fees and expenses.

Rule References
Fla.Prob.R. 5.025 Adversary proceedings.
Fla.R.Jud.Admin. 2.070 Court reporting.

RULE 5.100. RIGHT OF APPEAL
All orders and judgments of the court determining rights of any party in any particular proceeding in tho administration of the estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal, except those appeals which may be taken directly to the supreme court as provided by article V, section 3 of the Florida Constitution. Appeals provided by this rule, including the right to supersedeas, shall be governed that finally determine a right or obligation of an interested person may be appealed as provided by the Florida Rules of Appellate Procedure 9.110(a)(2).

Committee Notes
An order that determines rights of a party may be appealed before the administration of the estate is completed (e.g., determination of the validity of a will, or of the rights of a person to participate as an heir in an estate, is a final determination). The rule defines "final orders and judgments" of the probate court that ultimately determine rights of a party in the estate. This rule is substantially the same as former section 732.15, Florida Statutes (repealed 1974) except that by rearrangement of that statute the word "finally" has been defined.

Court Commentary
The Court's 1996 amendment of rule 5.100 renders the Committee Note inapplicable. Appeals of probate and guardianship orders are now governed by Florida Rule of Appellate Procedure 9.110(a)(2).

Rule History
1975 Revision: Same as prior rule 5.100 with editorial changes.
1977 Revision: Citation form change in committee note.
1988 Revision: Committee notes expanded. Citation form changes in rule and committee notes.
1992 Revision: Editorial changes. Citation form changes in committee notes.
1996 Revision: Superseded by Florida Rule of Appellate Procedure 9.110(a)(2).

RULE 5.180. WAIVER AND CONSENT
(a) Waiver. An interested person, including a guardian ad litem, administrator ad litem, guardian of the property, or, if none, the natural guardian, personal representative, trustee, or other fiduciary, or a sole holder or all co-holders of a power of revocation or a power of appointment, may in writing
(a)(1) waive:
(4)(A) formal notice;
(2)(B) informal notice;
(3)(C) service including service of notice of administration;
(4)(D) disclosure of the amount of compensation either paid to or to be paid to the personal representatives, attorneys, accountants, appraisers, or other agents employed by the personal representative;
(5)(E) disclosure of prior or proposed distribution of assets;
(6)(F) any right or notice or the filing of any document, exhibit, or schedule required to be filed; and
(7)(G) any other proceedings or matters permitted to be waived by law or by these rules; and
(b)(2) waive or consent on the person's own behalf and on behalf of those the person *85 represents to the extent there is no conflict of interest.
(b) Contents of Waiver. A waiver of disclosure of the amount of, or manner of determining, compensation shall be signed by each party bearing the impact of the compensation and shall be filed with the court. The waiver shall contain language declaring that the waiving party has actual knowledge of the amount and manner of determining the compensation and, in addition, either:
(1) that the party has agreed to the amount and manner of determining that compensation and waives any objection to payment; or
(2) that the party has the right to petition the court to decrease the compensation and waives that right.

Committee Notes
One person who serves in two fiduciary capacities may not waive or consent to the person's acts without the approval of those whom the person represents. This rule represents a rule implementation of the procedure found in section 731.302, Florida Statutes. The language added as (a)(6) is identical with the statute

Rule History
1977 Revision: Extends right of waiver to natural guardian; clarifies right to waive service of notice of administration.
1984 Revision: Extends waiver to disclosure of compensation and distribution of assets. Committee notes revised.
1988 Revision: Procedure from section 731.302, Florida Statutes, inserted as new (1)(f), and a new requirement that the waiver be in writing has been added. Editorial changes. Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Addition of specific fee waiver disclosure requirements found in  733.6171(9), Florida Statutes, and expanded to cover all fees. Committee notes revised.

Statutory References
 731.302, Fla.Stat. Waiver and consent by interested person.
 731.303, Fla.Stat. Representation.
 733.6171, Fla.Stat. Compensation of attorney for the personal representative
 733.901, Fla.Stat. Distribution; final discharge.
Ch. 737, Fla.Stat. Trust administration.  744.301, Fla.Stat. Natural guardians.

Rule References
Fla.Prob.R. 5.120 Administrator ad litem and guardian ad litem.
Fla.Prob.R. 5.400 Distribution and discharge.
Fla.Prob.R. 5.680 Termination of guardianship.
Fla.Prob.R. 5.695 Annual guardianship report.

RULE 5.210. PROBATE OF WILLS
(a) Manner. On petition the will of a decedent may be admitted to probate by filing:
(1) a self-proved will executed as required bylaw; or
(2) the will and the written oath of a person authorized by statute proving the execution of the will as required by law; or
(3) an authenticated copy of a notarial will, the original of which is in the possession of a foreign notary if the will was valid under the laws of the state or country where the testator was at the time of execution; or
(4) an authenticated copy of the will of any person who dies a resident of Florida that has been admitted to probate in another state or country if the original could have been admitted to probate in Florida; or
(5) a will or a photographic copy of a will written in a foreign language to which is attached a true and complete English translation together with proof of will as required by law. In the order admitting the foreign language will to probate the court shall establish the correct English translation.
(b) Petition. The petition shall contain the name, last known address, date and place *86 of death of the decedent, and the state, county, and, if applicable, foreign country of the decedent's domicile.
(c) Oath. Any circuit judge or clerk in Florida may take the oath of a witness to a will in proof of the attestation of that witness without issuance of a commission, attaching the original or photographic copy of the will to the oath of the witness.

Committee Notes

Rule History
1975 Revision: Proof of will may be taken by any Florida circuit judge or clerk without issuance of commission.
1984 Revision: This rule has been completely revised to set forth the procedure for proving all wills except lost or destroyed wills and the title changed. The rule requires an oath attesting to the statutory requirements for execution of wills and the will must be proved before an order can be entered admitting it to probate. Former rules 5.280, 5.290, and 5.500 are included in this rule. Committee notes revised.
1988 Revision: Editorial and substantive changes. Change in (a)(3) to clarify which law determines validity of a notarial will; change in (a)(4) to clarify requirement that will of a Florida resident must comply with Florida law; adds new subdivision (b) to set forth required contents of petition for probate of will; moves former (b) to (c). Committee notes expanded; citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a)(4) changed to allow authenticated copies of wills to be admitted to probate if the original is filed or deposited in another jurisdiction.

Statutory References
 731.201, Fla.Stat. General definitions.
 732.502, Fla.Stat. Execution of wills.
 732.503, Fla.Stat. Self-proof of will.
 733.201, Fla.Stat. Proof of wills.
 733.202, Fla.Stat. Petition.
 733.204, Fla.Stat. Probate of a will written in a foreign language.
 733.205, Fla.Stat. Probate of notarial will.
 733.206, Fla.Stat. Probate of will of resident after foreign probate.
 733.207, Fla.Stat. Establishment and probate of lost or destroyed will.
 733.502, Fla.Stat. Resignation of personal representative.
 733.503, Fla.Stat. Appointment of successor upon resignation.
 734.104, Fla.Stat. Foreign wills; admission to record; effect on title.

Rule Reference
Fla.Prob.R. 5.015 General definitions.

RULE 5.235. ISSUANCE OF LETTERS, BOND
(a) Appointment of Personal Representative. After the petition for administration is filed and the will, if any, is admitted to probate:
(1) the court shall appoint the person entitled and qualified to be personal representative;
(2) the court shall determine the amount of any bond required. The clerk may approve the bond in the amount determined by the court and shall not charge a service fee; and
(3) any required oath or designation of, and acceptance by, a resident agent shall be filed.
(b) Issuance of Letters. Upon compliance with all of the foregoing, letters shall be issued to the personal representative.
(c) Bond. On petition by any interested person or on the court's own motion, the court may waive the requirement of filing a bond, require a personal representative or curator to give bond, increase or decrease the bond, or require additional surety.

Committee Notes
This rule represents a rule implementation of the procedure found in sections 733.401 and 733.403(2), Florida Statutes. It is not intended to change the effect of the statutes from which it was derived but has been *87 reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Mandate in subdivision (a)(2) prohibiting charge of service fee by clerk deleted. Statutory references added.

Statutory References
 28.24(24), Fla.Stat. Service charges by clerk of the circuit court.
 28.2401, Fla.Stat. Service charges in probate matters.
 733.401, Fla.Stat. Issuance of letters.
 733.402, Fla.Stat. Bond of personal representative; when required; form.
 733.403, Fla.Stat. Amount of bond.
 733.405, Fla.Stat. Release of surety.

Rule References
Fla.Prob.R. 5.110 Resident agent.
Fla.Prob.R. 5.320 Oath of personal representative.

RULE 5.240. NOTICE OF ADMINISTRATION
(a) Publication and Service. After issuance of letters, the personal representative shall publish a notice of administration and promptly serve a copy of the notice in the manner provided for formal notice in these rules on the following persons who are known to the personal representative:
(1) the decedent's surviving spouse; and
(2) all beneficiaries known to the personal representative who have not been barred by law; and
(3) the trustee of any trust described in section 733.707(3), Florida Statutes.
Service upon creditors shall be in the manner provided for informal notice.
(b) Contents. The notice shall contain the name of the decedent, the file number of the estate, the designation and address of the court, the name and address of the personal representative and the personal representative's attorney, and date of first publication. The notice shall require all interested persons to file with the court, within the time provided by law:
(1) all claims against the estate; and
(2) any objection by an interested person on whom notice was served that challenges the validity of the will, the qualifications of the personal representative, and the venue or jurisdiction of the court.
(c) Method of Publication and Proof. Publication shall be made as required by law. Proof of publication shall be filed with the court within 45 days of the first publication.
(d) Objections. Objections to the validity of the will shall follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the qualifications of the personal representative shall follow the form and procedure set forth in these rules pertaining to removal of a personal representative. Objections to the venue or jurisdiction of the court shall follow the form and procedure set forth in the Florida Rules of Civil Procedure.
(e) Statement Regarding Creditors. Within 4 months after the date of the first publication of notice of administration, the personal representative shall file a verified statement that diligent search has been made to ascertain the name and address of each person having a claim against the estate. The statement need not include persons who have filed a timely claim or who were included in the personal representative's proof of claim. The statement shall indicate the name and address of each person at that time known to the personal representative who has or may have a claim against the estate and whether such person was served with a notice of administration or otherwise received actual notice of the information contained in the notice of administration.

Committee Notes
It is the committee's opinion that the failure to timely file the proof of publication of the notice of administration shall not affect *88 time limitations for filing claims or objections.
On April 19, 1988, the United States Supreme Court decided Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565. This case will have substantial impact on the method for handling (and barring) creditors' claims. This case stands for the proposition that a creditor may not be barred by the usual publication if that creditor was actually known to or reasonably ascertainable by the personal representative, and the personal representative failed to give notice to the creditor by mail or other means as certain to ensure actual notice. Less than actual notice in these circumstances would deprive the creditor of due process rights under the 14th Amendment to the U.S. Constitution. Probably actual notice of the death (as in the case of a hospital where the decedent died as a patient) without notice of the institution of probate proceedings is not sufficient.
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested persons of the pendency of the proceeding and afford them an opportunity to present their claims.
The statement required by this rule is not intended to be jurisdictional but rather to provide evidence of satisfaction (or lack thereof) of the due process requirements.

Rule History
1977 Revision: Former subdivision (c) is deleted as being substantive rather than procedural.
1984 Revision: Editorial changes; new requirement to file proof of publication; new requirements as to form of objections to will and qualifications of personal representative. Committee notes revised.
1988 Revision: The obligation to mail notice of administration to all known or reasonably ascertainable creditors has been added to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).
This rule does not require sending notice of administration to creditors in estates where the time for filing claims has expired before the effective date of this rule. However, no opinion is offered whether such claims are barred by the provisions of section 733.702, Florida Statutes.
Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (a) modified to make it consistent with recent changes to sections 733.212 and 733.702, Florida Statutes. Those statutes were amended to comply with the dictates of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). For the same reason, subdivision (e) was eliminated.
1992 Revision: Former subdivision (e) revised and reinstated to emphasize need for personal representative to determine all known or reasonably ascertainable creditors. Editorial changes; committee notes revised; citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to require service of notice of administration on trustees of certain revocable trusts as defined by Florida statute. Editorial changes.

Statutory References
 731.111, Fla.Stat. Notice to creditors.
 731.201(21), Fla.Stat. General definitions.
 731.301, Fla.Stat. Notice; method and time; proof.
 731.302, Fla.Stat. Waiver and consent by interested person.
 732.5165, Fla.Stat. Effect of fraud, duress, mistake, and undue influence.
 733.109, Fla.Stat. Revocation of probate.
 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
 733.2123, Fla.Stat. Adjudication before issuance of letters.
 733.302, Fla.Stat. Who may be appointed personal representative.
 733.303, Fla.Stat. Persons not qualified. *89  733.305, Fla.Stat. Trust companies and other corporations and associations.
 733.702, Fla.Stat. Limitations on presentation of claims.
 733.703, Fla.Stat. Form and manner of presenting claim.
 733.704, Fla.Stat. Amendment of claims.
 733.705, Fla.Stat. Payment of and objection to claims.
 733.708, Fla.Stat. Compromise.

Rule References
Fla.Prob.R. 5.025 Adversary proceedings.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.180 Waiver and consent.
Fla.Prob.R. 5.270 Revocation of probate.
Fla.Prob.R. 5.440 Proceedings for removal.
Fla.Prob.R. 5.490 Form and manner of presenting claim.
Fla.Prob.R. 5.520 Family administration.

RULE 5.346. FIDUCIARY ACCOUNTING
(a) Contents. A fiduciary accounting shall include all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration.
(b) Accounting Standards. The following standards are required for the accounting of all transactions occurring on or after January 1, 1994:
(1) Accountings shall be stated in a manner that is understandable to persons who are not familiar with practices and terminology peculiar to the administration of estates and trusts.
(2) The accounting shall begin with a concise summary of its purpose and content.
(3) The accounting shall contain sufficient information to put interested persons on notice as to all significant transactions affecting administration during the accounting period.
(4) The accounting shall contain two# values, the asset acquisition value or carrying value, and estimated current value.
(5) Gains and losses incurred during the accounting period shall be shown separately in the same schedule.
(6) The accounting shall show significant transactions that do not affect the amount for which the fiduciary is accountable.
(c) Accounting Format. A model format for an accounting is attached to this rule as Appendix A.

Committee Notes
This rule substantially adopts the Uniform Fiduciary Accounting Principles and Model Formats adopted by the Committee on National Fiduciary Accounting Standards of the American Bar Association: Section of Real Property, Probate and Trust Law, the American College of Probate Counsel, the American Bankers Association: Trust Division, and other organizations.
Accountings shall also comply with the Florida principal and income law, chapter 738, Florida Statutes.
Attached as Appendix B to this rule are an explanation and commentary for each of the foregoing standards, which shall be considered as a Committee Note to this rule.
Accountings that substantially conform to the model formats are acceptable. The model accounting format included in Appendix A is only a suggested form.
Rule 5.180(a)(6) allows a waiver to the requirement that principal and interest be separately accounted for.

Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes throughout. Rule changed to require compliance with the Uniform Fiduciary Accounting Principles and Model Formats for accounting of all transactions occurring on or after January 1, 1994. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Editorial change in subdivision (b)(4). Committee notes revised.

Statutory References
 733.502, Fla.Stat. Resignation of personal representative.
*90  733.508, Fla.Stat. Accounting upon removal.
 733.602(1), Fla.Stat. General duties.
 733.612(18), Fla.Stat. Transactions authorized for the personal representative; exceptions.
Ch. 738, Fla.Stat. Principal and income.

Rule References
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.180 Waiver and consent.
Fla.Prob.R. 5.345 Interim accountings.
Fla.Prob.R. 5.400 Distribution and discharge.
 APPENDIX A TO RULE 5.346
 IN THE CIRCUIT COURT FOR_________ COUNTY, FLORIDA
IN RE: ESTATE OF PROBATE DIVISION
 File Number________________________________________________
 Deceased. Division___________________________________________________
 ___________ ACCOUNTING OF PERSONAL REPRESENTATIVE(S)
From: _________________________, 19____, Through: _____________________________, 19____
 The purpose of this accounting is to acquaint all interested persons with the transactions
that have occurred during the period covered by the accounting and the assets that remain on
hand. It consists of a SUMMARY sheet and Schedule A showing all Receipts, Schedule B
showing all Disbursements, Schedule C showing all Distributions, Schedule D showing all
Capital Transactions and Adjustments (the effect of which are also reflected in other
schedules, if appropriate), and Schedule E showing assets on hand at the end of the
accounting period.
 If this is a FINAL accounting, the amount and manner of determining compensation for
attorneys for the personal representative(s) are disclosed on Schedule F, unless the disclosure
is waived pursuant to Section 733.6171(9) of the Florida Statutes by the parties bearing the
impact of the compensation.
 It is important that this accounting be carefully examined. Requests for additional
information and any questions should be addressed to the personal representative(s) or the
attorneys for the personal representative(s), the names and addresses of whom are set forth
below.
 Under penalties of perjury, the undersigned personal representative(s) declare(s) that I(we)
have read and examined this accounting and that the facts and figures set forth in the
Summary and the attached Schedules are true, to the best of my (our) knowledge and belief,
and that it is a complete report of all cash and property transactions and of all receipts and
disbursements by me (us) as personal representative(s) of the estate of____________________
deceased, from ,19____ through ,19____.
 Signed on ,19____
Attorney for Personal Representative: Personal Representative:
_________________________________________ _______________________________________________
 Attorney _______________________________________________
_________________________________________
 Name
Florida Bar No. _________________________
_________________________________________ _______________________________________________
_________________________________________ _______________________________________________
_________________________________________ _______________________________________________
 (address) (address)
Telephone: ______________________________ [Print or Type Names Under All Signature Lines]
*91
 IN THE CIRCUIT COURT FOR __________ COUNTY, FLORIDA
IN RE: ESTATE OF PROBATE DIVISION
 File Number_______________________________________________
 Deceased. Division__________________________________________________
 ___________ ACCOUNTING OF PERSONAL REPRESENTATIVE(S)
From: _____________________________, 19____, Through: _____________________________, 19____
___________________________________________________________________________________________
____________
 SUMMARY
 I. Starting Balance Assets per Inventory or on Hand at
 Close of Last Accounting Period $____________
 II. Receipts
 Schedule A: Income $____________
 Principal $____________
 Total Receipts $____________
 Subtotal $____________
III. Disbursements
 Schedule B: Income $____________
 Principal $____________
 Total Disbursements $____________
 Subtotal $____________
 IV. Distributions
 Schedule C: Income $____________
 Principal $____________
 Total Distributions $____________
 Subtotal $____________
 V. Capital Transactions and Adjustments
 Schedule D: Net Gain or (Loss) $____________
 VI. Assets on Hand at Close of Accounting Period
 Schedule E: Cash and Other Assets $____________
 Refer to Florida Probate Code, F.S. 733.901(1) and to FPR 5.330(b); 5.345; 5.346; and
 5.400.
 Also see Accountings, Chapter 12 of Practice Under Florida Probate Code, 1994.
 Entries on Summary are to be taken from totals on Schedules A, B, C, D and E.
 The Summary and Schedules A, B, C, D and E are to constitute the full accounting.
 Every transaction occurring during the accounting period should be reflected on the
 Schedules.
 All purchases and sales, all adjustments to the inventory or carrying value of any
 asset, and any other changes in the assets (such as stock splits) should be described on
 Schedule D.
 The last entry on the Summary is to reflect the total inventory or adjusted carrying
 value of all assets on hand at the close of the accounting period.
 ____________ ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _________________________________________________________________________________
___________________________________________________________________________________________
From: _____________________________, 19____, Through: _____________________________, 19____
___________________________________________________________________________________________
*92
____________
SCHEDULE A Receipts During Period
(Does not include receipts from sale or other dispositions of principal assets. Such transactions
are shown on Schedule D.)
___________________________________________________________________________________________
____________Date Brief Description of Items
 Income Principal
___________________________________________________________________________________________
____________
 Schedule A should reflect only those items received during administration that are not
shown on the inventory. Classification of items as income or principal is to be in accordance
with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
 Entries involving the sale of assets or other adjustments to the carrying values of assets
are to be shown on Schedule D, and not on Schedule A.
 ____________ ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _________________________________________________________________________________
___________________________________________________________________________________________
From: _____________________________, 19____, Through: _____________________________, 19____
___________________________________________________________________________________________
____________
SCHEDULE B Disbursements
(Does not include purchases of principal assets. Such transactions are shown on Schedule D.)
___________________________________________________________________________________________
____________Date Brief Description of Items
 Income Principal
___________________________________________________________________________________________
____________
 Schedule A should reflect only those items received during administration that are not
shown on the inventory. Classification of items as income or principal is to be in accordance
with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
 Entries involving the sale of assets or other adjustments to the carrying values of assets
are to be shown on Schedule D, and not on Schedule B.
 ____________ ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _________________________________________________________________________________
___________________________________________________________________________________________
From: _____________________________, 19____, Through: _____________________________, 19____
___________________________________________________________________________________________
____________
SCHEDULE B Disbursements
___________________________________________________________________________________________
____________Date Brief Description of Items
 Income Principal
___________________________________________________________________________________________
____________
*93
 Schedule C should reflect only those items or amounts distributed to beneficiaries during
the accounting period. Assets distributed should be shown at their inventory or adjusted
carrying values. Classification of distributions as income or principal is to be in accordance
with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.
 Entries involving adjustments to the carrying values of assets are to be shown on Schedule
D, and not on Schedule C.
 ____________ ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _________________________________________________________________________________
___________________________________________________________________________________________
From: _____________________________, 19____, Through: _____________________________, 19____
___________________________________________________________________________________________
____________
SCHEDULE D Capital Transactions and
Adjustments
(Does not include distributions. Distributions are shown on Schedule C.)
___________________________________________________________________________________________
____________Date Brief Description of Items
 Income Net Loss
___________________________________________________________________________________________
____________
 ________________________
 TOTAL NET GAINS AND LOSSES $ $
 NET GAIN OR (LOSS) $ $
 ________________________
 Schedule D should reflect all purchases and sales of assets and any adjustments to the
carrying values of any assets.
 Entries reflecting sales should show the inventory or adjusted carrying values, the costs
and expenses of the sale, and the net proceeds received. The net gain or loss should be
extended in the appropriate column on the right side of Schedule D.
 Entries reflecting purchases should reflect the purchase price, any expenses of purchase or
other adjustments to the purchase price, and the total amount paid. Presumably no gain or
loss would be shown for purchases.
 Entries reflecting adjustments in capital assets should explain the change (such as a stock
split) and the net gain or loss should be shown in the appropriate column on the right side of
Schedule D.
 ____________ ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _________________________________________________________________________________
___________________________________________________________________________________________
From: _____________________________, 19____, Through: _____________________________, 19____
___________________________________________________________________________________________
*94
____________
SCHEDULE E Assets on Hand at Close of Accounting Period
(Indicate where held and legal description, certificate numbers or other identification.)
___________________________________________________________________________________________
____________ Estimated
 Current Value Carrying Value
___________________________________________________________________________________________
____________
ASSETS OTHER THAN CASH:
 ___________________________
 OTHER ASSETS TOTAL $ $
CASH:
 ________
 CASH TOTAL $
TOTAL ASSETS (entered as Item VI on Summary) $
 ________
 Schedule E should be a complete list of all assets on hand reflecting inventory values for
each item, adjusted in accord with any appropriate entries on Schedule D.
 Current market values for any assets that are known to be different from the inventory or
carrying values as of the close of the accounting period should be shown in the column
marked "Current Value." The total inventory or adjusted carrying value (not Current Value)
is to be shown as Item VI on Summary.
 FINAL ACCOUNTING OF PERSONAL REPRESENTATIVE,
ESTATE OF _________________________________________________________________________________
____________
___________________________________________________________________________________________
From: _____________________________, 19____, Through: _____________________________, 19____
___________________________________________________________________________________________
____________
SCHEDULE F Compensation of Attorneys for Personal Representatives
___________________________________________________________________________________________
____________
 The amount and manner of determining the compensation for attorneys for the personal
representatives are as follows:
 Florida Probate Code, F.S. 733.6171(9) requires that the amount and manner of determining
compensation for attorneys for personal representatives be disclosed in the final accounting,
unless the disclosure is waived in writing signed by the parties bearing the impact of the
compensation and filed with the court.

*95 APPENDIX B TO RULE 5.346 UNIFORM FIDUCIARY ACCOUNTING PRINCIPLES

I. ACCOUNTS SHOULD BE STATED IN A MANNER THAT IS UNDERSTANDABLE BY PERSONS WHO ARE NOT FAMILIAR WITH PRACTICES AND TERMINOLOGY PECULIAR TO THE ADMINISTRATION OF ESTATES AND TRUSTS.
Commentary: In order for an account to fulfill its basic function of communication, it is essential that it be stated in a manner that recognizes that the interested parties are not usually familiar with fiduciary accounts. It is neither practical nor desirable to require that accounts be tailored to meet individual disabilities of particular parties but any account should be capable of being understood by a person of average intelligence, literate in English, and familiar with basic financial terms who has read it with care and attention.
Problems arising from terminology or style are usually a reflection of the fact that people who become versed in a particular form of practice tend to forget that terms which are familiar and useful to them may convey nothing to someone else or may even be affirmatively misleading. For example, the terms "debit" and "credit" are generally incomprehensible to people with no knowledge of bookkeeping and many people who are familiar with them in other contexts would assume that in the context of fiduciary accounting, the receipt of an item is a "credit" to the fund rather than a "debit" to the fiduciary.
While the need for concise presentation makes a certain amount of abbreviation both acceptable and necessary, uncommon abbreviation of matters essential to an understanding of the account should be avoided or explained.
No position is taken for or against the use of direct print-outs from machine accounting systems. The quality of the accounts produced by these systems varies widely in the extent to which they can be understood by persons who are not familiar with them. To endorse or object to a direct print-out because it is produced by machine from previously stored data would miss the essential point by focusing attention upon the manner of preparation rather than the product.

II. A FIDUCIARY ACCOUNT SHALL BEGIN WITH A CONCISE SUMMARY OF ITS PURPOSE AND CONTENT.
Commentary: Very few people can be expected to pay much attention to a document unless they have some understanding of its general purpose and its significance to them. Even with such an understanding, impressions derived from the first page or two will often determine whether the rest is read. The use that is made of these pages is therefore of particular significance.
The cover page should disclose the nature and function of the account. While a complete explanation of the significance of the account and the effect of its presentation upon the rights of the parties is obviously impractical for inclusion at this point, there should be at least a brief statement identifying the fiduciary and the subject matter, noting the importance of examining the account and giving an address where more information can be obtained.
It is assumed that the parties would also have enough information from other sources to understand the nature of their relationship to the fund (e.g., residuary legatee, life tenant, remainderman), the function of the account, and the obligation of the fiduciary to supply further relevant information upon request. It is also assumed that notice will be given of any significant procedural considerations such as limitation on the time within which objections must be presented. This would normally be provided by prior or contemporaneous memoranda, correspondence, or discussions.
A summary of the account shall also be presented at the outset. This summary, organized as a table of contents, shall indicate the order of the details presented in the account and shall show separate totals for the aggregate of the assets on hand at the beginning of the accounting period; transactions during the period; and the assets remaining on hand at the end of the period. Each entry in the summary shall be supported *96 by a schedule in the account that provides the details on which the summary is based.

III. A FIDUCIARY ACCOUNT SHALL CONTAIN SUFFICIENT INFORMATION TO PUT THE INTERESTED PARTIES ON NOTICE AS TO ALL SIGNIFICANT TRANSACTIONS AFFECTING ADMINISTRATION DURING THE ACCOUNTING PERIOD.
Commentary: The presentation of the information account shall allow an interested party to follow the progress of the fiduciary's administration of assets during the accounting period.
An account is not complete if it does not itemize, or make reference to, assets on hand at the beginning of the accounting period.
Illustration:
3.1 The first account for a decedent's estate or a trust may detail the items received by the fiduciary and for which the fiduciary is responsible. It may refer to the total amount of an inventory filed elsewhere or assets described in a schedule attached to a trust agreement.
Instead of retyping the complete list of assets in the opening balance, the preparer may prefer to attach as an exhibit a copy of the inventory, closing balance from the last account, etc., as appropriate, or may refer to them if previously provided to the interested parties who will receive it.
Transactions shall be described in sufficient detail to give interested parties notice of their purpose and effect. It should be recognized that too much detail may be counterproductive to making the account understandable. In accounts covering long periods or dealing with extensive assets, it is usually desirable to consolidate information. For instance, where income from a number of securities is being accounted for over a long period of time, a statement of the total dividends received on each security with appropriate indication of changes in the number of shares held will be more readily understandable and easier to check for completeness than a chronological listing of all dividends received.
Although detail should generally be avoided for routine transactions, it will often be necessary to proper understanding of an event that is somewhat out of the ordinary.
Illustrations:
3.2 Extraordinary appraisal costs should be shown separately and explained.
3.3 Interest and penalties in connection with late filing of tax returns should be shown separately and explained.
3.4 An extraordinary allocation between principal and income such as apportionment of proceeds of property acquired on foreclosure should be separately stated and explained.
3.5 Computation of a formula marital deduction gift involving non-probate assets should be explained.

IV. A FIDUCIARY ACCOUNT SHALL CONTAIN TWO VALUES, THE ASSET ACQUISITION VALUE OR CARRYING VALUE, AND CURRENT VALUE.
Commentary: In order for transactions to be reported on a consistent basis, an appropriate carrying value for assets must be chosen and employed consistently.
The carrying value of an asset should reflect its value at the time it is acquired by the fiduciary (or a predecessor fiduciary). When such a value is not precisely determinable, the figure used should reflect a thoughtful decision by the fiduciary. For assets owned by a decedent, inventory values or estate tax valuesÔÇögenerally reflective of date of deathÔÇöwould be appropriate. Assets received in kind by a trustee from a settlor of an inter vivos trust should be carried at their value at the time of receipt. For assets purchased during the administration of the fund, cost would normally be used. Use of Federal income tax basis for carrying value is acceptable when basis is reasonably representative of real values at the time of acquisition. Use of tax basis as a carrying value under other circumstances could be affirmatively misleading to beneficiaries and therefore is not appropriate.
In the Model Account, carrying value is referred to as "fiduciary acquisition value." The Model Account establishes the initial carrying value of assets as their value at date *97 of death for inventoried assets, date of receipt for subsequent receipts, and cost for investments.
Carrying value would not normally be adjusted for depreciation.
Except for adjustments that occur normally under the accounting system in use, carrying values should generally be continued unchanged through successive accounts and assets should not be arbitrarily "written up" or "written down." In some circumstances, however, with proper disclosure and explanation, carrying value may be adjusted.
Illustrations:
4.1 Carrying values based on date of death may be adjusted to reflect changes on audit of estate or inheritance tax returns.
4.2 Where appropriate under applicable local law, a successor fiduciary may adjust the carrying value of assets to reflect values at the start of that fiduciary's administration.
4.3 Assets received in kind in satisfaction of a pecuniary legacy should be carried at the value used for purposes of distribution.
Though essential for accounting purposes, carrying values are commonly misunderstood by laypersons as being a representation of actual values. To avoid this, the account should include both current values and carrying values.
The value of assets at the beginning and ending of each accounting period is necessary information for the evaluation of investment performance. Therefore, the account should show, or make reference to, current values at the start of the period for all assets whose carrying values were established in a prior accounting period.
Illustrations:
4.4 The opening balance of the first account of a testamentary trustee will usually contain assets received in kind from the executor. Unless the carrying value was written up at the time of distribution (e.g., 4.2 or 4.3 supra) these assets will be carried at a value established during the executor's administration. The current value at the beginning of the accounting period should also be shown.
4.5 An executor's first account will normally carry assets at inventory (date of death) values or costs. No separate listing of current values at the beginning of the accounting period is necessary.
Current values should also be shown for all assets on hand at the close of the accounting period. The date on which current values are determined shall be stated and shall be the last day of the accounting period, or a date as close thereto as reasonably possible.
Current values should be shown in a column parallel to the column of carrying values. Both columns should be totalled.
In determining current values for assets for which there is no readily ascertainable current value, the source of the value stated in the account shall be explained. The fiduciary shall make a good faith effort to determine realistic values but should not be expected to incur expenses for appraisals or similar costs when there is no reason to expect that the resulting information will be of practical consequence to the administration of the estate or the protection of the interests of the parties.
Illustrations:
4.6 When an asset is held under circumstances that make it clear that it will not be sold (e.g., a residence held for use of a beneficiary) the fiduciary's estimate of value would be acceptable in lieu of an appraisal.
4.7 Considerations such as a pending tax audit or offer of the property for sale may indicate the advisability of not publishing the fiduciary's best estimate of value. In such circumstances, a statement that value was fixed by some method such as "per company books," "formula under buy-sell agreement," or "300% of assessed value" would be acceptable, but the fiduciary would be expected to provide further information to interested parties upon request.

V. GAINS AND LOSSES INCURRED DURING THE ACCOUNTING PERIOD SHALL BE SHOWN SEPARATELY IN THE SAME SCHEDULE.
Commentary: Each transaction involving the sale or other disposition of securities during the accounting period shall be shown as a separate item in one combined schedule of the account indicating the transaction, date, explanation, and any gain or loss.
*98 Although gains and losses from the sale of securities can be shown separately in accounts, the preferred method of presentation is to present this information in a single schedule. Such a presentation provides the most meaningful description of investment performance and will tend to clarify relationships between gains and losses that are deliberately realized at the same time.

VI. THE ACCOUNT SHALL SHOW SIGNIFICANT TRANSACTIONS THAT DO NOT AFFECT THE AMOUNT FOR WHICH THE FIDUCIARY IS ACCOUNTABLE.
Commentary: Transactions such as the purchase of an investment, receipt of a stock split, or change of a corporate name do not alter the total fund for which a fiduciary is accountable but must be shown in order to permit analysis and an understanding of the administration of the fund. These can be best shown in information schedules.
One schedule should list all investments made during the accounting period. It should include those subsequently sold as well as those still on hand. Frequently the same money will be used for a series of investments. Therefore, the schedule should not be totalled in order to avoid giving an exaggerated idea of the size of the fund.
A second schedule (entitled "Changes in Investment Holdings" in the Model Account) should show all transactions affecting a particular security holding, such as purchase of additional shares, partial sales, stock splits, change of corporate name, divestment distributions, etc. This schedule, similar to a ledger account for each holding, will reconcile opening and closing entries for particular holdings, explain changes in carrying value, and avoid extensive searches through the account for information scattered among other schedules.

RULE 5.355. PROCEEDINGS FOR REVIEW OF EMPLOYMENT OF AGENTS AND COMPENSATION OF PERSONAL REPRESENTATIVES AND ESTATE EMPLOYEES
After notice to all interested persons and upon petition of an interested person bearing all or a part of the impact of the payment of compensation to the personal representative or any person employed by the personal representative, the propriety of the employment and the reasonableness of the compensation or payment may be reviewed by the court. The petition shall state the grounds on which it is based. The burden of proving the propriety of the employment and the reasonableness of the compensation shall be upon the personal representative and the person employed by the personal representative. Any person who is determined to have received excessive compensation from an estate may be ordered to make appropriate refunds.

Committee Notes
This rule represents a rule implementation of the procedure found in section 733.6175, Florida Statutes. It is not intended to change the effect of the statute from which it was derived but has been reformatted to conform with the structure of these rules. It is not intended to create a new procedure or modify an existing procedure.

Rule History
1988 Revision: New rule.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Committee notes revised.

Statutory References
 731.201(21), Fla.Stat. General definitions.
 731.301, Fla.Stat. Notice; method and time; proof.
 733.612(19), Fla.Stat. Transactions authorized for the personal representative; exceptions.
 733.617, Fla.Stat. Compensation of personal representatives and professionals.
 733.6171, Fla.Stat. Compensation of attorney for the personal representative.
 733.6175, Fla.Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.

*99 Rule References
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.

RULE 5.370. SALES OF REAL PROPERTY WHERE NO POWER CONFERRED
(a) Petition. When authorization or confirmation of the sale of real property is required, application shall be made by verified petition of the personal representative shall file a verified petition setting forth the reasons for the sale, a description of the real property sold or proposed to be sold, and the price and terms of the sale.
(b) Order. If the sale is authorized or confirmed, the order shall describe the real property and, if the property is authorized to be sold at private sale, shall fix the price and the terms of the sale. An order authorizing a sale may provide for the public or private sale of the real property described therein, in parcels or as a whole. If public sale is ordered, tho personal representative shall give such notice as tho order requires. An order authorizing a private sale shall specify the price and terms of the sale. An order authorizing a public sale shall specify the type of notice of sale to be given by the personal representative.

Committee Notes
Petitions under the rule are governed by section 733.610, Florida Statutes, under which sales are voidable by interested persons if there was a conflict of interest without full disclosure and consent, unless the will or contract entered into by the decedent authorized the transaction or it was approved by the court after notice to all interested persons, and by section 733.609, Florida Statutes, involving bad faith actions by the personal representative. Note provision for attorneys' fees.

Rule History
1984 Revision: Extensive changes. Notice of hearing on any petition concerning sale of real property is required by statute unless waived. The requirement to record a certified copy of the order approving sale of real estate in each county where the real property or any part thereof is situated has been deleted. Committee notes revised and expanded.
1988 Revision: Committee notes expanded. Citation form changes in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Editorial changes.

Statutory References
 733.609, Fla.Stat. Improper exercise of power; breach of fiduciary duty.
 733.610, Fla.Stat. Sale, encumbrance or transaction involving conflict of interest.
 733.613(1), Fla.Stat. Personal representative's right to sell real property.
 733.810, Fla.Stat. Distribution in kind; valuation.

Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.180 Waiver and consent.

RULE 5.400. DISTRIBUTION AND DISCHARGE
(a) Petition for Discharge; Final Accounting. A personal representative who has completed administration except for distribution shall file a final accounting and a petition for discharge including a plan of distribution.
(b) Contents.
The petition for discharge shall contain a statement:
(1) that the personal representative has fully administered the estate;
(2) that all claims which were presented have been paid, settled, or otherwise disposed of;
(3) that the personal representative has paid or made provision for taxes and expenses of administration;
(4) showing the amount of compensation paid or to be paid to the personal representative, *100 attorneys, accountants, appraisers, or other agents employed by the personal representative and the manner of determining that compensation;
(5) showing a plan of distribution which shall include:
(A) a schedule of all prior distributions;
(B) the property remaining in the hands of the personal representative for distribution;
(C) a schedule describing the proposed distribution of the remaining assets; and
(D) the amount of funds retained by the personal representative to pay expenses that are incurred in the distribution of the remaining assets and termination of the estate administration;
(6) that any objections to the accounting, the compensation paid or proposed to be paid, or the proposed distribution of assets must be filed within 30 days from the date of service of the last of the petition for discharge or final accounting; and also that within 90 days after filing of the objection, a notice of hearing thereon must be served or the objection is abandoned; and
(7) that objections, if any, shall be in writing and shall state with particularity the item or items to which the objection is directed and the grounds on which the objection is based.
(c) Closing Estate; Extension. The final accounting and petition for discharge shall be filed and served on interested persons within 12 months after issuance of letters for estates not required to file a federal estate tax return, otherwise within 12 months from the date the return is due, unless the time is extended by the court for cause shown after notice to interested persons. The petition to extend time shall state the status of the estate and the reason for the extension.
(d) Distribution. The personal representative shall promptly distribute the estate property in accordance with the plan of distribution, unless objections are filed as provided in these rules.
(e) Discharge. On receipt of evidence that the estate has been fully administered and properly distributed, the court shall enter an order discharging the personal representative and releasing the surety on any bond.
(f) Waiver. The final accounting, any portion of the petition for discharge, or the time for filing objections may be waived by all interested persons.

Committee Notes
The rule establishes a procedure for giving notice and serving the final accounting, petition for discharge, and plan of distribution to all interested persons prior to distribution and discharge. No distinction is made in plans of distribution which distribute estate property in kind among multiple residual beneficiaries proportionate to their respective interests and those which include equalizing adjustments in cash or property and which do not make prorated distribution. If disclosure of the compensation or disclosure of the manner of determining the compensation in the petition for discharge is to be waived, the form of waiver must conform to rule 5.180(b).

Rule History
1980 Revision: Change in prior (a)(6) to require that an objection set forth the basis on which it is being made.
1984 Revision: This rule has been substantially revised. Portions of the prior rule are now incorporated in rules 5.400 and 5.401. The committee has included the procedure for filing and serving of objections to the final accounting, petition for discharge, plan of distribution, or compensation in rule 5.401.
1988 Revision: Subdivision (b)(1) is deleted to avoid duplication with rule 5.346. Subdivision (c) is amended to add the 12-month time specification of section 733.901(1), Florida Statutes. Committee notes revised. Citation form changes in committee notes.
1992 Revision: Subdivision (b)(5)(D) is added. Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Addition in (a)(4) of specific attorney fee compensation disclosure *101 requirements found in  733.6171(9), Florida Statutes, and expanded to cover all compensation. Committee notes revised.

Statutory References
 731.201(10), (21), Fla.Stat. General definitions.
 731.302, Fla.Stat. Waiver and consent by interested person.
 733.809, Fla.Stat. Right of retainer.
 733.810, Fla.Stat. Distribution in kind; valuation.
 733.811, Fla.Stat. Distribution; right or title of distributee.
 733.812, Fla.Stat. Improper distribution; liability of distributee.
 733.901, Fla.Stat. Distribution; final discharge.

Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
Fla.Prob.R. 5.180 Waiver and consent.
Fla.Prob.R. 5.401 Objections to petition for discharge or final accounting.
Fla.R.Jud.Admin. 2.085(d)(1)(D) Time standards for trial and appellate courts.

RULE 5.401. OBJECTIONS TO PETITION FOR DISCHARGE OR FINAL ACCOUNTING
(a) Objections. An interested person may object to the petition for discharge or final accounting within 30 days after the service of the later of the petition or final accounting on that interested person.
(b) Contents. Written objections to the petition for discharge or final accounting must state with particularity the items to which the objections are directed and must state the grounds on which the objections are based.
(c) Service. Copies of the objections shall be served by the objector on the personal representative and interested persons not later than 30 days after the last date on which the petition for discharge or final accounting was served on the objector.
(d) Hearing on Objections. Any interested person may set a hearing on the objections. Notice of the hearing shall be given to all interested persons. If a notice of hearing on the objections is not served If the objections are not noticed for hearing within 90 days of filing of the objections, the objections shall be deemed abandoned and the personal representative may make distribution as set forth in the plan of distribution.
(e) Order on Objections. The court shall sustain or overrule any objections to the petition for discharge and final accounting and shall determine a plan of distribution.
(f) Discharge. On receipt of evidence that the estate has been distributed according to the plan determined by the court and the claims of creditors have been paid or otherwise disposed of, the court shall enter an order discharging the personal representative and releasing the surety on any bond.

Committee Notes

Rule History
1984 Revision: New rule. Objections to the petition for discharge or final accounting were formerly under prior rule 5.400. Clarifies procedure for objections.
1988 Revision: Editorial changes in (a). Committee notes revised. Citation form changes in committee notes.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (d) amended to clarify that 90-day period pertains to service of hearing notice, not the actual hearing date.

Statutory References
 731.201(10), (21), Fla.Stat. General definitions.
 733.6175, Fla.Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
 733.901, Fla.Stat. Distribution; final discharge.

*102 Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
Fla.Prob.R. 5.180 Waiver and consent.
Fla.Prob.R. 5.400 Distribution and discharge.

RULE 5.405. PROCEEDINGS TO DETERMINE HOMESTEAD REAL PROPERTY
(a) Petition. An interested person may file a petition to determine homestead real property owned by the decedent.
(b) Contents. The petition shall be verified by the petitioner and shall state:
(1) the date of the decedent's death;
(2) the county of the decedent's domicile at the time of death;
(3) the name of the decedent's surviving spouse and the names and dates of birth of the decedent's surviving lineal descendants;
(4) a legal description of the property owned by the decedent on which the decedent resided; and
(5) any other facts in support of the petition.
(c) Order. The court's order on the petition shall describe the real property and determine whether any of the real property constituted the homestead of the decedent. If the court determines that any of the real property constituted was the homestead of the decedent, it shall enter an order deter mining the legal description and the order shall identify the person or persons entitled to the homestead real property and define the interest of each.

Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition the court for a determination that certain real property constituted the decedent's homestead property, in accordance with article X, section 4 of the Florida Constitution. The jurisdiction of the court to determine constitutional homestead property was established by In re Noble's Estate, 73 So.2d 873 (Fla.1954).

Rule History
1984 Revision: New rule.
1988 Revision: Editorial change in (a). Subdivision (b)(4) amended to conform to constitutional change. Committee notes revised. Citation form change in committee notes.
1992 Revision: Editorial change. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (c) amended to require description of real property that is the subject of the petition, description of any homestead property, and definition of specific interests of persons entitled to homestead real property.

Constitutional Reference
Art. X,  4, Fla. Const.

Statutory References
 731.104, Fla.Stat. Verification of documents.
 732.401, Fla.Stat. Descent of homestead.  732.4015, Fla.Stat. Devise of homestead.  733.607, Fla.Stat. Possession of estate.
 733.608, Fla.Stat. General power of the personal representative.

Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.205(a)(7) Filing evidence of death.
Fla.Prob.R. 5.340 Inventory.

RULE 5.406. PROCEEDINGS TO DETERMINE EXEMPT PROPERTY
(a) Petition. A verified An interested person may file a petition to determine exempt property shall be filed by or on behalf *103 of the persons entitled to exempt property within the time allowed by law.
(b) Contents. The petition shall be verified by the petitioner and shall:
(1) describe the property and the basis on which it is claimed as exempt property; and
(2) state the name and address of the decedent's surviving spouse or, if none, the names and addresses of decedent's children entitled by law to the exempt property and the dates of birth of those who are minors.
(c) Order. The court shall determine each item of exempt property and its value and order the surrender of that property to the persons entitled to it.

Committee Notes
This rule establishes the procedure by which the personal representative or any interested person may petition the court for determination of exempt property in accordance with article X, section 4 of the Florida Constitution and section 732.402, Florida Statutes.
Section 732.402, Florida Statutes, specifies the time within which the petition to determine exempt property must be filed after first publication of notice of administration, unless extended as provided in the statute.
To ensure due process, notice must be reasonably calculated, under all the circumstances, to apprise interested persons of the pendency of the proceeding and afford them an opportunity to participate.
If an estate is insolvent or the effect of granting the petition determining exempt property is that not all creditors will be paid in full, creditors may be interested persons entitled to notice.

Rule History
1984 Revision: New rule.
1988 Revision: Subdivision (a) revised to reflect editorial changes and to require verification. Subdivision (b)(1) revised to require the basis for asserting exempt property status. Subdivision (b)(2) added the requirement of stating addresses of those entitled to exempt property. Subdivision (c) revised to reflect editorial changes and to require determination of the value of each item of exempt property. Committee notes revised.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Editorial changes in rule to conform to similar language in rule 5.405. Committee notes revised.

Constitutional Reference
Art. X,  4, Fla. Const.

Statutory Reference
 732.402, Fla.Stat. Exempt property.

Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
Fla.Prob.R. 5.420 Disposition of personal property without administration.

RULE 5.470. ANCILLARY ADMINISTRATION
(a) Petition. The petition for ancillary letters shall include an authenticated copy of so much of the domiciliary proceedings as will show:
(1) for a testate estate the will, petition for probate, order admitting the will to probate, and authority of the personal representative; or
(2) for an intestate estate the petition for administration and authority of the personal representative to act.
(b) Notice. Before ancillary letters shall be issued to any person, formal notice shall be given to:
(1) all known persons qualified to act as ancillary personal representative and whose entitlement to preference of appointment is equal to or greater than petitioner's and who have not waived notice or joined in the petition; and
(2) all domiciliary personal representatives who have not waived notice or joined in the petition.
*104 (c) Probate of Will. On filing the authenticated copy of a probated will, the court shall determine whether the will complies with Florida law to entitle it to probate. If it does comply, the court shall admit the will to probate.

Committee Notes

Rule History
1975 Revision: The rule sets out the procedural requirements for issuance of ancillary letters.
1984 Revision: Editorial changes with addition of notice requirement in (b). Committee notes revised.
1988 Revision: Committee notes revised.
1992 Revision: Changed rule to require that notice be given to persons qualified to act as ancillary personal representative whose entitlement to preference of appointment is equal to or greater than petitioner's and to all domiciliary personal representatives prior to entry of an order admitting the will to probate. Committee notes revised. Citation form changes in committee notes.
1996 Revision: The requirement that a filing of an authenticated copy of a will be a "probated" will is removed from subdivision (c). There may be circumstances in which a will is on deposit or file in a foreign jurisdiction but is not being offered for probate. That should not preclude an ancillary administration in Florida of that estate. This change is not intended to allow an authenticated copy of any document other than an original instrument to be filed under this rule and considered for probate.

Statutory References
 731.111, Fla.Stat. Notice to creditors.
 733.212, Fla.Stat. Notice of administration; filing of objections and claims.
 734.102, Fla.Stat. Ancillary administration.
 734.1025, Fla.Stat. Nonresident decedent's estate with property not exceeding $25,000 in this state; determination of claims.

Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.042 Time.
Fla.Prob.R. 5.065(b) Notice of civil action or ancillary administration.
Fla.Prob.R. 5.205(a)(2) Filing evidence of death.
Fla.Prob.R. 5.240 Notice of administration.
Fla.Prob.R. 5.475 Ancillary administration, short form.

RULE 5.555. GUARDIANSHIPS OF MINORS
(a) Application. This rule shall apply to any guardianship for a minor.
(b) Petition to Determine Incapacity. No petition to determine incapacity need be filed.
(c) Petition for Appointment of Guardian. The petition shall be verified by the petitioner and shall state:
(1) the facts to establish venue;
(2) the petitioner's residence and post office address;
(3) the name, age, social security number, and residence and post office address of the minor;
(4) the names and addresses of the parents of the minor and if none, the next of kin known to the petitioner;
(5) the name, social security or tax identification number, and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve; or, that a willing and qualified guardian has not been located;
(6) the proposed guardian's relationship to and any previous association with the minor;
(7) the reasons why the proposed guardian should be appointed; and
(8) the nature and value of the property subject to the guardianship.
*105 (d) Notice. Formal notice of the petition for appointment of guardian shall be served on any parent who is not a petitioner or, if there is no parent, on the persons with whom the minor resides and on such other persons as the court may direct.
(e) Initial and Annual Guardianship Reports.
(1) The initial guardianship report shall consist only of the verified inventory. The annual guardianship report shall consist only of the annual accounting.
(2) Unless otherwise ordered by the court, the guardian need not file an initial or annual guardianship plan.
(3) Unless otherwise ordered by the court, the guardian need not serve a copy of the initial guardianship report and the annual guardianship reports on the ward if the ward is under the age of 14 years.
(f) Inspection of Inventory or Accounting. Unless otherwise ordered by the court for good cause shown, any inventory, amended or supplementary inventory, or accounting is subject to inspection only by the clerk, the ward or the ward's attorney, and the guardian or the guardian's attorney.

Committee Notes
The provisions of chapter 744, Florida Statutes, and the guardianship rules enacted in 1989 leave some uncertainty with respect to the procedural requirements in guardianships for minors who are not incapacitated persons. This rule is intended to address only certain procedures with respect to the establishment and administration of guardianships over minors. The committee believes that certain provisions of the guardianship law and rules apply to both guardianships of minors as well as guardianships of incapacitated persons and no change has been suggested with respect to such rules. Because no adjudication of a minor is required by statute, it is contemplated that appointment of a guardian for a minor may be accomplished without a hearing. Initial and annual guardianship reports for minors have been simplified where all assets are on deposit with a designated financial institution under applicable Florida law.

Rule History
1991 Revision: New rule adopted to apply to guardianships over minors who are not incapacitated persons.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Committee notes revised.

Statutory References
 69.031, Fla.Stat. Designated financial institutions for assets in hands of guardians, curators, administrators, trustees, receivers, or other officers.
 744.3021, Fla.Stat. Guardians of minors.
 744.334, Fla.Stat. Petition for appointment of guardian; contents.
 744.3371(2), Fla.Stat. Notice of petition for appointment of guardian and hearing.
 744.342, Fla.Stat. Minors; guardianship.
 744.362, Fla.Stat. Initial guardianship report.
 744.363, Fla.Stat. Initial guardianship plan.
 744.365, Fla.Stat. Verified inventory.
 744.367, Fla.Stat. Duty to file annual guardianship report.
 744.3675, Fla.Stat. Annual guardianship plan.
 744.3678, Fla.Stat. Annual accounting.
 744-3679, Fla.Stat. Simplified accounting procedures in certain cases.

Rule References
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.541 Recording of hearings.
Fla.Prob.R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla.Prob.R. 5.620 Inventory.
Fla.Prob.R. 5.636 Settlement of minors' claims.
Fla.Prob.R. 5.690 Initial guardianship report.

*106 RULE 5.560. PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON
(a) Contents. The petition shall be verified by the petitioner and shall state:
(1) the facts to establish venue;
(2) the petitioner's residence and post office address;
(3) the name, age, social security number, and residence and post office address of the alleged incapacitated person;
(4) the nature of the incapacity, the extent of guardianship, either limited or plenary, requested for the alleged incapacitated person, and the nature and value of property subject to the guardianship;
(5) the names and addresses of the next of kin of the alleged incapacitated person known to the petitioner;
(6) the name, social security or tax identification number, and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve, or that a willing and qualified guardian has not been located;
(7) the proposed guardian's relationship to and any previous association with the alleged incapacitated person; and
(8) the reasons why the proposed guardian should be appointed.
(b) Notice. Notice of filing the petition for appointment of guardian may be served as a part of the notice of filing the petition to determine incapacity, but shall be served a reasonable time before the hearing on the petition or other pleading seeking appointment of a guardian.
(c) Service on Public Guardian. If the petitioner requests appointment of the public guardian, a copy of the petition and the notice shall be served on the public guardian.

Committee Notes

Rule History
1975 Revision: Substantially the same as section 744.334, Florida Statutes, expanded to include provisions of section 744.302, Florida Statutes, and section 744.312, Florida Statutes, by reference.
1977 Revision: Change in committee notes to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.334, Florida Statutes.
1984 Revision: Combines rule 5.560 and part of prior rule 5.570. Editorial changes and committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1989 Revision by Ad Hoc Committee: Subdivision (a)(4) of the former rule has been deleted altogether because the date and court of adjudication will probably not be known at the time of filing the petition for the appointment since petition for appointment will henceforth be filed contemporaneously with the petition to determine incapacity.
1991 Revision: Implements 1989 amendments to sections 744.334 and 744.331(1), Florida Statutes, and 1990 technical amendments. Subdivision (c)(1) deleted because rule 5.555(d) addresses service on parents.
1992 Revision: Citation form changes in committee notes.
1996 Revision: Deletes requirement in subdivision (a) to report social security number of alleged incapacitated person. Adds provision to subdivision (b) for notice before hearing when petition is not served simultaneously with petition to determine incapacity.

Statutory References
 744.309, Fla.Stat. Who may be appointed guardian of a resident ward.
 744.312, Fla.Stat. Considerations in appointment of guardian.
 744.331, Fla.Stat. Procedures to determine incapacity.
 744.334, Fla.Stat. Petition for appointment of guardian; contents.
 744.3371(1), Fla.Stat. Notice of petition for appointment of guardian and hearing.
 744.341, Fla.Stat. Voluntary guardianship.
*107  744.344, Fla.Stat. Order of appointment.
 744.703, Fla.Stat. Office of public guardian; appointment, notification.

Rule References
Fla.Prob.R. 5.020 Pleadings; verification; motions.
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.550 Petition to determine incapacity.

RULE 5.590. APPLICATION FOR APPOINTMENT AS GUARDIAN; DISCLOSURE STATEMENT; FILING

(a) Individual Applicants.
(1) The application for appointment shall contain:
(1A) the applicant's qualifications to serve as a guardian; and
(2B) the names of all wards for whom the applicant is then acting as guardian, the court file number and circuit court in which each case is pending, and a statement as to whether the applicant is acting as a limited or plenary guardian of the person or property, or both, of each ward.
(2) The application for appointment shall be filed and served a reasonable time before the hearing on the appointment of a guardian.
(b) Nonprofit Corporate Guardians.
(1) No application for appointment shall be required of a nonprofit corporate guardian.
(12) Contents. A disclosure statement shall contain:
(A) the corporation's qualifications to serve as a guardian; and
(B) the names of all wards for whom the corporation is then acting as guardian, the court file number and circuit court in which each case is pending, and a statement as to whether the corporation is acting as a limited or plenary guardian of the person or property, or both, of each ward.
(23) Filing. The disclosure statement of a nonprofit corporate guardian shall be filed quarterly with the clerk of the court for each circuit in which the corporation has been appointed, or is seeking appointment, as guardian.
(c) For Profit Corporations and Associations With Trust Powers. No application for appointment or disclosure statement shall be required of any for profit corporation or association with trust authorized to exercise fiduciary powers under Florida law, except nonprofit corporate guardians.
(d) Public Guardians. No application for appointment or disclosure statement shall be required of a public guardian.

Committee Notes

Rule History
1988 Revision: Prior rule deleted; text of rule moved to rule 5.650.
1989 Revision: Rule reactivated with different title and text.
1991 Revision: Implements 1989 and 1990 amendments to section 744.3125, Florida Statutes.
1992 Revision: Citation form change in committee notes.
1996 Revision: Adds filing and service provisions consistent with rule 5.560. Corrects reference to corporations qualified to exercise fiduciary powers. Editorial changes. Adds statutory references.

Statutory References
 733.305(1), Fla.Stat. Trust companies and other corporations and associations.
 744-102(3), (13), Fla.Stat. Definitions.
 744.309, Fla.Stat. Who may be appointed guardian of a resident ward.
 744.3125, Fla.Stat. Application for appointment.
 744.331(1), Fla.Stat. Procedures to determine incapacity.
 744.3371, Fla.Stat. Notice of petition for appointment of guardian and hearing.

RULE 5.680. TERMINATION OF GUARDIANSHIP
(a) Petition for Discharge. When the ward has become sui juris, has died, or has been restored to capacity, or when the *108 guardian has been unable to locate the ward after diligent search, or, for a guardian of the property, when the property subject to the guardianship has been exhausted, the guardian shall file a petition for discharge. A guardian of the person is discharged without further proceeding upon filing a certified copy of the ward's death certificate.
(b) Contents of Petition. The petition for discharge shall state:
(1) the reason for termination of the guardianship;
(2) that the guardian has fully administered the guardianship; and
(3) the amount of compensation unpaid and anticipated costs and fees to be paid to the guardian and to the attorneys, accountants, or other agents employed by the guardian.
(c) Final Report. The guardian of the property shall file a final report showing receipts, disbursements, amounts reserved for unpaid and anticipated disbursements, costs, and fees, including the amounts set forth in subdivision (b)(3), and other relevant financial information from the date of the previous annual accounting, and a list of the assets to be turned over to the person entitled to them.
(d) Notice. A notice shall be served stating:
(1) that any objection shall be in writing and shall state with particularity each item to which the objection is directed and the grounds on which the objection is based;
(2) that any objection to the final report or the petition for discharge shall be filed within 30 days from the date of service of the petition for discharge; and
(3) that within 90 days after filing of the objection, a notice of hearing thereon shall be served or the objection is abandoned.
(e) Service. The guardian applying for discharge shall serve a copy of the petition for discharge and final report on the ward, on the personal representative of a deceased ward, or if there are no assets justifying qualification of a personal representative for the estate of a deceased ward, on the known next of kin of the deceased ward, or such other persons as the court may direct; provided however, that a guardian of the property who is subsequently appointed personal representative shall serve a copy of the petition for discharge and final report on all beneficiaries of the ward's estate.
(f) Objections. All persons served shall have 30 days to file objections to the petition for discharge and final report. The objections shall state with particularity the items to which the objections are directed and shall state the grounds on which the objections are based. Copies of the objections shall be served by the objector on the guardian. Any interested person may set a hearing on the objections. Notice of the hearing shall be served on the guardian and any other interested persons. If a notice of hearing on the objections is not served within 90 days of filing of the objections, the objections will be deemed abandoned. The guardian may not be discharged until all objections have been withdrawn, abandoned, or judicially resolved, and the petition for discharge of the guardian is granted by the court.
(g) Discharge. The guardian may not be discharged until all objections are withdrawn, abandoned, or judicially resolved. After all objections are withdrawn, abandoned, or judicially resolved, and if it appears that the guardian has paid all amounts reserved to the persons entitled to them and has made full and complete distribution of the ward's assets to the persons entitled to them and has otherwise faithfully discharged the duties of the guardian, the court shall grant the petition for discharge and enter an order of discharge. If objections are filed and are not withdrawn, abandoned, or judicially resolved, the court shall conduct a hearing in the same manner as for a hearing on objections to annual guardianship plans. After hearing, if the court is satisfied that the guardian has faithfully discharged the duties of the guardianship and the interests of the ward are protected, and the guardian has rendered a complete and accurate final report and has delivered the assets of the ward to the person entitled to them, the court shall enter an order of discharge.
*109 (h) Waiver. Any portion of the petition for discharge, including the final report, or the time for filing of objections may be waived by any interested person.

Committee Notes

Rule History
1975 Revision: Implements sections 744.527 and 744.531, Florida Statutes, and also requires the guardian applying for discharge to do so by filing a petition for discharge and provides the procedure pertaining thereto.
1977 Revision: No change in rule. Change in committee note to conform to statutory renumbering.
1988 Revision: Captions added to subdivisions. Committee notes revised. Citation form changes in committee notes.
1989 Revision: Prior rule deleted and replaced by temporary emergency rule.
1991 Revision: Substantial revision of entire rule to harmonize with procedure for discharge of personal representatives under rules 5.400 and 5.401.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Editorial changes to clarify that all anticipated costs and fees should be shown on final report and thereafter paid prior to transfer of assets and discharge of guardian.

Statutory References
 744.521, Fla.Stat. Termination of guardianship.
 744.527, Fla.Stat. Final reports and application for discharge; hearing.
 744.528, Fla.Stat. Discharge of guardian named as personal representative.
 744.531, Fla.Stat. Order of discharge.
 744.534, Fla.Stat. Disposition of unclaimed funds held by guardian.

Rule References
Fla.Prob.R. 5.040 Notice.
Fla.Prob.R. 5.041 Service of pleadings and papers.
Fla.Prob.R. 5.180 Waiver and consent.
Fla.Prob.R. 5.610 Execution by guardian.
NOTES
[1] Proposed Florida Appellate Rule 9.110(a)(2) provides that in probate and guardian proceedings parties may seek review of orders that "finally determine a right or obligation of an interested person as defined in the Florida Probate Code." The Appellate Rules Committee Notes state that proposed subdivision (a)(2) is "not intended to change the definition of final order for appellate purposes" and that such orders "may be appealed before the administration of the probate or guardianship is complete and the fiduciary is discharged."